LAURA CHEVAL ROBERTS and HENRY ROBERTS v.
LUCILLE ROBERTS.

167 So. 808.
Division B.
Opinion Filed March 25, 1936.
Rehearing Denied April 10, 1936.

*Walter F. Rogers* and *William T. Rogers,* for Appellants;
*S. D. McGill,* for Appellee.

·Terrell, J.—This case arises from the following facts: William Roberts was married to Laura Cheval Roberts in New Orleans in 1883 and Henry Roberts was the sole surviving product of this union. William Roberts deserted Laura Cheval Roberts in 1888 and moved to Mississippi where he lived until he moved to Jacksonville, Florida, in 1913. He continued his residence in Jacksonville to the date of his death. In 1919 he married Lucille Roberts and died in 1933. At the time of his death he and his wife, Lucille Roberts, were tenants by the entireties of certain lands with improvements in Duval County, the division of which precipitated this litigation.

Suit was instituted by Laura Cheval Roberts and Henry Roberts in the Circuit Court of Duval County. The bill of complaint names Lucille Roberts as Defendant and prays that partition of the lands held by William and Lucille Roberts at the death of the former be made between the parties hereto according to the rules of the court and the law of the state governing such distribution, or if partition be impracticable that the lands be sold and the proceeds divided among the parties according to their several interests or right. There was an answer to the bill, testimony was taken, and the special master found for complainants. Exceptions to the master's report were sustained and on final hearing the· bill was dismissed. The instant appeal is from that decree.

It is admitted that the property over which the controversy arose was held by William and Lucille Roberts by the entireties at the death of the former. This being true, it follows that if Lucille was the lawful spouse of William Roberts at his death she succeeded to all his right in the property, on the other hand if Laura Cheval Roberts was the lawful wife at the time of the death of William Roberts

then she and her son, Henry Roberts, succeed to the right of William Roberts.

Lucille Roberts holds possession of the property. Her right to continue in possession and assert her title in and to the interest owned by William Roberts turns on the validity of her marriage to him. The controversy then is resolved by determining which litigant was the lawful spouse of William Roberts at his death.

The facts with reference to the marriage of William Roberts to Laura Cheval and Lucille Roberts have heretofore been detailed. Appellant, Laura Cheval Roberts, contends that she was never divorced from William Roberts and that her marriage to him being first in time, his subsequent marriage to Lucille Roberts was a nullity.

The evidence shows conclusively that William Roberts was married to Laura Cheval and Lucille Roberts at the times indicated in the forepart of this opinion. It also shows that William Roberts deserted Laura Cheval Roberts in 1888, that he moved to Mississippi where he continued to live until 1913 when he moved to Jacksonville, Florida, and that he continued to reside to the date of his death in the last named city, though he did some work in Alabama while living in Mississippi. It is shown that no divorce was secured by William Roberts from Laura Cheval Roberts in Duval County, Florida, but as to whether he secured a divorce in Mississippi, Alabama, or Louisiana, the evidence is silent except that Laura Cheval Roberts testified that no process had ever been served on her, nor divorce secured from her. This was in no sense conclusive as constructive service might have been made on her and divorce secured in that way.

The rule is settled in this jurisdiction that he who challenges the validity of a second or subsequent marriage

assumes the burden of proving its invalidity. LeBlanc v. Yawn, 99 Fla. 328, 126 So. 789; *In re* Rash's Estate, 21 Mon. 170, 53 Pac. 312, 69 Am. St. Rep. 649. Some of the courts enforce this rule to the extent of proving a negative. Carroll v. Carroll, 20 Tex. 731 text 740; Boulden v. McIntire, 119 Ind. 574, 21 N. E. 445; Smith v. Fuller, 138 Ia. 91, 115 N. W. 912, 16 L. R. A. (N. S.) 98.

In the case of conflicting marriages contracted by the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly the burden of showing the validity of the first marriage is on the party asserting it, and even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by decree of divorce or by death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage. 38 C. J. 1328; Wigmore on *Evidence* (1905) Vol. 4, Sec. 2506; Wenning v. Teeple, 114 Ind. 189, 41 N. E. 600.

Even in the case of conflict of presumptions arising from two marriages of the same party the general current of authority holds that the presumption in favor of the subsequent marriage overcomes that in favor of the former. The indulgence of this presumption necessarily means that the presumption either in favor of the validity of the former marriage or in favor of its continuance has been overcome. Bowman v. Little, 101 Md. 273, 61 Atl. 223, 657, 1084.

Appellants contend that when they proved by the first wife that she had never been sued for divorce by William Roberts and that no record of a divorce by William Roberts from Laura Cheval Roberts could be found in Duval County where the deceased married the second wife and lived until

his death the invalidity of the latter marriage was established and the burden of proof was shifted to the defendant.

If this was not sufficient, just what degree of proof is necessary to overcome the presumption in favor of the validity of the second marriage? We do not think complainant, as contended by appellee, is required to go in every county in Florida, Alabama, Mississippi, and Louisiana and show that no divorce has been secured in any of the counties of these states, but if she shows the counties that William Roberts lived in during the thirty years that elapsed from his desertion of Laura Cheval Roberts to his marriage to Lucille Roberts and that no divorce was issued in any of these counties and that he had no ground on which to seek a divorce, the presumption in favor of the validity of the second marriage will be overcome.

The proof submitted in the case at bar fails of this test so the judgment below must be and is hereby affirmed, but without prejudice to the filing of a motion to reopen the cause for the purpose of permitting appellants to prove the allegations of their bill.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.