**HILLYER & LOVAN and NEW AMSTERDAM CASUALTY COM-PANY v. FLORIDA INDUSTRIAL COMMISSION, et al.**

19 So. (2nd) 838                                                    June Term, 1944
November 7, 1944                                                    En Banc
Rehearing denied December 20, 1944

*Adair, Kent, Ashby & McNatt* and *Clarence G. Ashby,* for appellants.

*Martin Sack* and *Louis S. Joel,* for appellees.

ADAMS, J.:

Robert Christopher lost his life under circumstances whereby a claim for compensation was appropriate under our Workmen's Compensation Act. A claim was made by Lena Christopher, who will be referred to as wife number one. A claim was also made by her child by Robert Christopher. A claim was filed by Alma Christopher, who will be referred to as wife number two.

Deceased was duly married to wife number one in 1923. There were frequent separations until September, 1941, when they separated the last time and thereafter they did not live together.

Wife number two was married to Christopher in January, 1942, and lived with him until his death in December, 1942.

The deputy commissioner took considerable tetsimony and concluded that wife number one was not dependent on Chris-

topher for support; that she was not living apart from him through his fault and denied her claim. He also found that wife number two could not sustain her claim because Christopher had never been divorced from wife number one. He allowed compensation to the minor child.

The Commission reversed that part of the order denying the claim of wife number two and allowed her compensation and an attorney's fee.

On further review by the circuit court, Judge DeWitt T. Gray, affirmed the commission's order and allowed an additional counsel fee of $300.00 to be paid by the employer and carrier.

The employer and carrier have appealed. The first question for us to decide is whether appellants can prosecute this appeal and thereby further litigate the question of who is the widow inasmuch as neither wife is now questioning the decision rendered by the circuit court.

It is earnestly claimed that the question of marriage vel non is purely an incidental question and not subject to question by the carrier in this fashion as it would be a collateral attack. The case of Lovejoy Co., et al., v. Ackis, 153 Fla. 876, 16 So. (2nd) 297, and cases in other jurisdictions are relied on, however we are of the view that these cases are inapplicable to this case. Appellants are parties to this litigation and as such have the right to question any order which may adversely affect them. Their contention is that wife number two is not entitled to claim compensation from them and surely they have every right to have this Court review that part of the order.

Passing then to the question which goes to the merits of the case, we must review the evidence to determine whether the evidence sufficiently rebutted the presumption of law favoring the validity of the second marriage. The law does favor the validity of the second marriage and casts the burden on him who makes the attack to sustain his position. See Roberts v. Roberts, 124 Fla. 116, 167 So. 808.

From the record it appears that deceased was a resident of Duval County, Florida, and had been practically all of his life; that at short intervals he had gone to other parts of the State and had gone to North Carolina, South Carolina and

Tennessee. Wife number one testified, without contradiction, that no divorce had been granted and she had never received a notice of suit for divorce; that she resided in Duval County, Florida, and her whereabouts were known at all times by Christopher. A certificate from the Bureau of Vital Statistics showed that no divorce had been granted in Florida. Documentary evidence to the same effect was introduced from the states of North Carolina and Tennessee, together with a showing that divorces are not granted in South Carolina. It also convincingly appears that Christopher never established residence out of Florida upon which he might have maintained a suit for divorce.

After giving due consideration to the judgment appealed from and making a study of the entire record we are driven to the conclusion, as was the deputy commissioner who heard the testimony, that the evidence clearly, unmistakably, and convincingly rebutted the presumption of law which favored the second marriage. We have studied the evidence in its most favorable aspect to the judgment below, yet we have no doubt that the truth is that Christopher was never divorced from his first wife.

Having reached this conclusion, the judgment appealed from is reversed with directions to enter an appropriate judgment on the record not inconsistent with this opinion.

Reversed.

TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, J., dissents.