93 So.2d 874 (1957)
Blanch TEEL, Madison J. Teel, Jr., and Crystal Dianne Teel, Petitioners,
v.
NOLEN BROWN MOTORS, Inc., Ophelia Chester Teel and the Florida Industrial Commission, Respondents.
Supreme Court of Florida, Division A.
March 29, 1957.
*875 Cosgrove & Rose, Miami, for petitioners.
John Goodman, Miami, for employer-carrier.
Verne L. Freeland, Miami, for Ophelia Chester Teel.
Rodney Durrance, Tallahassee, for Florida Industrial Commission.
THORNAL, Justice.
Petitioners by petition for certiorari seek review of an order of the Florida Industrial Commission in a Workmen's Compensation matter.
The point for determination is the correctness of the legal conclusion of the Industrial Commission as to the lawful widow of a deceased employee.
It is admitted that Madison J. Teel came to his death as the result of an accident arising out of and in the course of his employment by Nolen Brown Motors, Inc. On August 23, 1954, the deputy commissioner made an award in favor of Blanch Teel and two minor children, as the widow and surviving children of the deceased employee. Some months later Ophelia Chester Teel petitioned for a modification of the order claiming that she was the lawful widow of the deceased by virtue of a prior undissolved marriage.
The deputy commissioner took testimony and arrived at the conclusion that the original order should be modified. He found that Ophelia, the first wife, was the lawful widow of the deceased. However, under the authority granted by Section 440.16(2) (c), Florida Statutes, F.S.A., he exercised an allowable discretion by providing that the entire amount of compensation should be paid to the two dependent minors (the children of Blanch and Madison) inasmuch as they were actual dependents of the deceased. He found that Ophelia, the first wife, was not dependent. Out of this situation he justified the exercise of his discretion accordingly. The sum of the testimony of the two hearings was that Blanch and Madison were married in Georgia on May 8, 1950. They lived together in Georgia and in Dade County, Florida. Ophelia produced a marriage license showing that she and Madison had been married in Georgia on December 17, 1938; that they had moved to Ft. Pierce, Florida, where they lived together until about 1948. At this time Madison left Ophelia for a period of about eleven months and went to Georgia. He returned to Ft. Pierce, lived with her for about a month, decided that "marriage was not for him" and departed. Ophelia saw him periodically after his departure. She testified that he left through no fault of hers, that she had never instituted divorce proceedings and had never been served with divorce papers. On this record the deputy and later the full Commission determined that Ophelia, the first wife, had overcome the presumption of validity of the second marriage and entered the order under assault. Review of this order is here sought.
Blanch Teel, the second wife, contends that the uncorroborated testimony of Ophelia, the first wife, was insufficient to overcome the presumption of the validity of the second marriage. Ophelia, the first wife, contends that the showing which she made was adequate to establish her as the lawful widow.
We note at the outset that neither of the alleged widows contests the correctness of the ultimate award which directed payment of total compensation to the two minors. Ophelia, the first wife, has filed no cross-petition seeking review of that order. Blanch, the second wife, seeks merely a review of the order with reference to her widowhood.
*876 A solution to our problem merely requires the application of certain well-established rules heretofore announced by our prior decisions. A presumption exists in favor of the validity of the last marriage. We have held that this is one of the strongest presumptions known to the law. The burden of rebutting it rests upon the party attacking the legality of the last marriage. While the alleged first wife is not required to eliminate every remote possibility that a divorce might have been secured by her husband, it is necessary that she tender evidence which when weighed collectively establishes the absence of a reasonable probability that her husband actually secured the divorce.
Conceivably there may be situations where the courts would necessarily have to rely on the uncorroborated testimony of the one attacking the second marriage. However, in this day of well-kept public records covering vital statistics, such as, births, marriages and divorces, we feel that to the extent possible the public records available should be exhausted in an effort to establish the fact of divorce or the absence of a divorce as the case may be. In this case, for example, we judicially know that the State Bureau of Vital Statistics is the custodian of records that reflect the granting of divorces in every county in Florida. A similar agency exists in the State of Georgia, where the deceased employee in the instant case evidently resided for a considerable period of time. In order to eliminate the doubt as to the presence or lack of a divorce, and in order to discharge the burden placed upon her, we think the first wife should have exhausted a search of these public records. While her attorney testified that an examination of the records in Dade County reflected no divorce, the fact remains that the deceased could have obtained a divorce in any one of a number of Florida counties as well as in the State of Georgia. We, therefore, conclude that the deputy and the full Commission misconceived the legal effect of the uncontroverted testimony. This is so for the reason that the testimony was legally insufficient to overcome the presumption in favor of the validity of the second marriage. See Roberts v. Roberts, 124 Fla. 116, 167 So. 808; J.J. Cater Furniture Co. v. Banks, 152 Fla. 377, 11 So.2d 776; Hillyer & Lovan v. Florida Industrial Commission, 155 Fla. 144, 19 So.2d 838; Johnson v. Johnson, Fla. 1951, 51 So.2d 421.
The prayer of the petition is granted and that portion of the order under review which determined that the first wife was the lawful widow of the deceased employee is hereby quashed and as to that aspect of the matter the cause is remanded to the deputy commissioner for further proceedings consistent herewith.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.