**Martha Anne WILSON, Plaintiff,**

v.

**Arthur S. FLEMMING, as Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 901.**

United States District Court
N. D. Florida,
Pensacola Division.

April 16, 1959.

Shell & Fleming, Pensacola, Fla., for plaintiff.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for defendant.

DE VANÉ, District Judge.

In accordance with the provisions of Section 405(g) of Title 42 United States Code Annotated, motions for summary judgments have been filed by both parties in this case, the plaintiff requesting that the decision of the Secretary of Health, Education and Welfare be reversed, and the defendant requesting that said decision be affirmed.

The facts essential for an understanding of the legal question presented to the Court are as follows:

Plaintiff and her husband, Henry J. Wilson, the wage earner, were ceremoniously married May 6, 1915, and have lived together as husband and wife ever since that date. Plaintiff first filed an application for wife's insurance benefits under the Social Security Act on July 9, 1954, stating that she was twice married prior to her marriage to the wage earner; that she was first married to Robert Simms of Milton, Florida, in November, 1906, and that such marriage was terminated by divorce in Pensacola, Florida, in December, 1906; that she subse-

quently married Thomas Cook in Mobile, Alabama, about five years after she was divorced by Robert Simms and that such marriage was terminated by annulment in Mobile about six months thereafter.

The wage earner executed a husband's certificate stating that he was previously married to Ella Lindsay in Andalusia, Alabama, in 1910 and that such marriage was terminated by the death of the wife in the fall of 1914; that he and his wife had been separated about six months before her death and that they were never divorced.

For reasons not necessary to state here, the first application of plaintiff was disallowed on August 17, 1954, and no appeal was taken from such disallowance determination.

Plaintiff filed a second application for wife's insurance benefits on March 5, 1956, alleging therein that she and wage earner were married on May 6, 1915, and had lived together ever since. In connection with the second application, plaintiff executed a statement as a part thereof in which she alleged that she was never married to Thomas Cook and that she had incorporated such statement in her earlier application on the demands of her husband. Plaintiff further testified in the case that she had never seen Robert Simms since their separation in December, 1906, and had not over the years known anything of his whereabouts. She further testified that a friend of Simms that she had known when she married him advised her years later that Simms was dead, which she accepted as being true.

The wage earner also gave a statement to the effect that an aunt of his first wife Ella informed him of Ella's death before he married plaintiff and this statement he accepted as true and that he has never seen Ella or heard from her since his marriage to the plaintiff.

My review of this case is limited (42 U.S.C.A. § 405(g) and the sole question presented to the Court is whether upon this record the marriage of plaintiff and Henry J. Wilson, her present husband, is valid under Florida law.

Section 216(h)(1) of the Social Security Act, 42 U.S.C.A. § 416(h) (1), as in effect at the time plaintiff filed her application for benefits, provided in part as follows:

"In determining whether an applicant is the wife * * * of a fully insured or currently insured individual for the purposes of this Title, the Administrator (now Secretary) shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application * * *. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife * * * shall be deemed such".

Under Section 205(a) of the Social Security Act, 42 U.S.C.A. § 405(a), the Secretary is authorized and required to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proof and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder".

Social Security Administration regulation No. 4 paragraphs 404.701, .704 and .709 outline the proof required by an applicant in a case of this character. Defendant contends that these provisions place upon plaintiff the duty of providing legal proof of the divorce of both her prior husbands and the death of her husband's prior wife before plaintiff is entitled to any relief. Plaintiff vigorously contends that these regulations are in conflict with the statute previously quoted (42 U.S.C.A. 416(h) (1) and are therefore void and of no effect in this case.

Both plaintiff and defendant are in error in their contentions on this point. Paragraph 404.709(b) provides in part as follows:

"If none of the evidence described in paragraphs (a) and (b) of this section is available the reason therefor shall be stated and the applicant

may submit other evidence of probative value".

In this case plaintiff's search of the records for evidence that she had been divorced, or that her husband's first wife had died, was quite limited, but defendant did make an exhaustive search in his effort to find such evidence and was unable to establish any evidence along that line, except the fact that plaintiff had married Robert Simms in November, 1905, and that the wage earner had married Ella Lindsay in 1910. There is no evidence whatever in this record that either Simms or Ella Lindsay Wilson has ever been seen or heard from by anyone since plaintiff and her present husband were married, and there is no evidence in the record whatever, outside of plaintiff's statement in her first application filed in 1954, that she and Thomas Cook were ever married, and this statement was later repudiated by plaintiff. So what the Court has before it for a determination of the issue here involved is the fact that both plaintiff and her present husband, the wage earner, were married to others many years ago; that the first marriage of each was terminated by separation; that plaintiff and the wage earner were married in 1915 and have lived together in the holy bonds of matrimony ever since that date without ever discovering that thereafter either had a living prior husband or wife.

Common law marriages are legal in Florida and can be abolished only by an act of the Legislature. There are many Florida cases holding to this effect. The Court considers it only necessary to cite Roberts v. Roberts, 124 Fla. 116, 167 So. 808 and In re Colson's Estate, Fla., 72 So.2d 57. Florida even goes further in this matter and holds that where a person is unable to prove the termination of a prior marriage by divorce or death, seven years' absence of the party in question creates a presumption of death. Johns v. Burns, Fla., 67 So.2d 765. There can be no doubt, therefore, that under Florida law in determining the rights of the plaintiff in this case, the undisputed proof in the case is sufficient to establish the present validity of her marriage to the wage earner and her right to recover. The Court will enter an order herein in accordance with this Memorandum Decision reversing the decision of the Secretary and remanding the case for a rehearing.