111 So.2d 494 (1959)
Jessie Bell PERKINS, Petitioner,
v.
RICHARDS CONSTRUCTORS, INC., Employers Mutuals of Wausau, Annie Bell Harris Perkins, and Florida Industrial Commission, Respondents.
No. 1003.
District Court of Appeal of Florida. Second District.
May 1, 1959.
*495 H.L. Pringle, Leesburg, for petitioner.
Sanders, McEwan, Schwarz & Mims, Orlando, and Paul E. Speh, Tallahassee, for respondents.
SHANNON, Judge.
The petitioner, Jessie Bell Perkins, seeks certiorari to review an order of the Florida Industrial Commission affirming the Deputy Commissioner's holding that she was not entitled to benefits under the Workmen's Compensation Act, F.S.A. § 440.01 et seq.
It appears from the record that on August 1, 1956, the deceased employee, Roscoe Perkins, received an injury by accident arising out of and in the course of his employment which resulted in his death. This employee had been married by a ceremonial marriage on October 18, 1936, to Annie Bell Harris in Madison County, Mississippi. Both parties to the marriage had been born in Mississippi and had lived all their lives in that state. On December 8, 1940, he went through a ceremonial marriage with Jessie Bell Irving in Hinds County, Mississippi and lived with Jessie Bell in Mississippi until on or about October 25, 1954, when they separated. The said employee then came to Leesburg, Florida, and Jessie Bell remained in Mississippi. The record also shows that the employee had undergone a ceremonial marriage on October 14, 1955, in Hinds County, Mississippi, with Cellie Gibbs and was at the time of his death living with her in Florida. Annie Bell Harris went to Detroit, Michigan, in 1945 and then moved to Chicago, Illinois, in 1946. There is a "deposition" of Annie Bell Harris in the record, and in spite of technical insufficiencies surrounding it, by stipulation of the parties it was introduced in evidence. We therefore have to treat the same as her testimony, although as to the probative value we will not comment. In her "deposition", Annie Bell Harris testified that she had never obtained a divorce from the employee nor had he ever, to her knowledge, obtained one. It is also in evidence that the employee had filed a divorce suit against Annie Bell in Mississippi in 1942, had obtained personal service on her, but had allowed the suit to remain dormant.
To continue our recital of the matrimonial ventures undertaken by the parties hereto, the next was a ceremonial marriage performed in Mississippi in 1938 between Annie Bell and Charlie Veal. Thus, we have the employee going through three ceremonial marriages and Annie Bell going through two
The Deputy Commissioner had before him (1) a certificate from the Registrar of Vital Statistics of Mississippi that no divorce was evidenced after October 18, 1936, the date when the ceremonial marriage was performed between the employee and Annie Bell, (2) the certificate of the Chancery Clerk of Hinds County, Mississippi, that there was no record of any divorce between the employee and Annie Bell, (3) a certificate of the Chancery Clerk of Madison County, Mississippi, that there was no record of any divorce proceedings between the employee and Annie Bell, and (4) a certificate from the Bureau of Vital Statistics of Florida showing no record of any divorce between the employee and Annie Bell.
While these proceedings are on behalf of Jessie Bell, we have given a recital of the evidence of the employee's first marriage to Annie Bell for the purpose of exemplifying the degree of proof that necessarily, if believed, refutes the claim of Jessie Bell.
That a presumption exists in favor of the validity of the last marriage we will readily concede. As a matter of fact, Mr. Justice Thornal in Teel v. Nolen Brown Motors, Inc., Fla. 1957, 93 So.2d 874, 876, very forcibly said:
"A solution to our problem merely requires the application of certain well-established rules heretofore announced by our prior decisions. A presumption *496 exists in favor of the validity of the last marriage. We have held that this is one of the strongest presumptions known to the law. The burden of rebutting it rests upon the party attacking the legality of the last marriage. While the alleged first wife is not required to eliminate every remote possibility that a divorce might have been secured by her husband, it is necessary that she tender evidence which when weighed collectively establishes the absence of a reasonable probability that her husband actually secured the divorce."
Granting that a strong presumption exists in favor of the last marriage, we then have to look to the evidence upon which the Deputy Commissioner found in the instant case that the first marriage had not been dissolved. There is in evidence proof of official records which show that neither the State of Mississippi nor the State of Florida, where the deceased employee lived since his last marriage, had any record of a divorce between the employee and his first wife, and testimony from the first wife that she had not obtained a divorce from the deceased nor did she have any knowledge of the deceased having obtained a divorce from her. While we have an application for certiorari on behalf of the party to the second of employee's three ceremonial marriages, the evidence is clear and convincing that the employee's first ceremonial marriage was not dissolved and that Annie Bell is the actual widow of the employee, and the Deputy Commissioner found as a matter of fact that no divorce was ever granted. Therefore, this case comes to us primarily as one of fact, and we would not be justified in substituting our opinion in lieu of the opinion of the Deputy Commissioner where, as here, his order is supported by competent, substantial evidence. There have been several cases in Florida with an almost identical factual situation. Hillyer & Lovan v. Florida Industrial Commission, 155 Fla. 144, 19 So.2d 838; Johnson v. Johnson, Fla. 1951, 51 So.2d 421. Hence the application for certiorari by Jessie Bell Perkins must be denied.
The petitioner has asked for the allowance of attorney's fees for services rendered before this Court. We have read the opinion by our Supreme Court in the case of Wick Roofing Company v. Curtis, Fla. 1959, 110 So.2d 385, which concerns an attorney's fee for an unsuccessful claimant. After studying this opinion, together with other cases involving the same question, we are of the opinion, and so hold, that the history of the present case does not justify an allowance of attorneys' fees for the petitioner.
Certiorari is therefore denied.
KANNER, C.J., and ALLEN, J., concur.