PER CURIAM.
Appellant, Jacob McBride, was defendant below in a separate maintenance suit brought by appellee, Ola Mae McBride. He defended on the ground that his purported marriage to the plaintiff was void. Jacob contended that Ola Mae was legally incapable of contracting a valid marriage with him because of the existence of a previous undissolved common-law marriage to one Will Donaldson.
Ola Mae denied that she ever agreed to become the wife of Donaldson, who did not testify and whose whereabouts was not disclosed by the record. In the face of this denial, Jacob sought to establish the requisite agreement of marriage per verba de praesenti between Ola Mae and Will by evidence of cohabitation and general repute. After hearing the testimony the Chancellor concluded that Jacob had failed to establish the purported prior common-law marriage between Ola Mae and Will. He thereupon held that the subsequent marriage between Jacob and Ola Mae was valid.-
Relying primarily on LeBlanc v. Yawn, 99 Fla. 328, 126 So. 789, Jacob now contends that the Chancellor was in error and that the evidence of cohabitation and repute was adequate to establish the existence of the prior common-law marriage despite the denial of Ola Mae to the contrary.
It is true that in LeBlanc v. Yawn, supra, our Supreme Court held that proof of general repute and cohabitation will support a presumption of a common-law marriage: when the agreement to marry is denied or: cannot be proven by the best evidence. The decision, of course, recognizes that the best: evidence of such a marriage would be the testimony of the contracting parties, or that of others who might have been present at the time of the agreement.
In the subsequent case of Edge v. Rynearson, 107 Fla. 461, 145 So. 180, the Supreme Court appears to have clarified LeBlanc v. Yawn, supra, to the extent of holding that the testimony of the contracting parties, or that of others present would be the best evidence but that proof of agreement by cohabitation or repute may be relied upon when the best evidence is not available or when the agreement is denied. In the Edge decision, the Supreme Court stated that when cohabitation and repute alone are relied on, they must be established by positive proof in order to support the presumption of marriage as against the existence of a meretricious relationship.
Appellant Jacob seems to rely on the contention that if the one seeking to establish the existence of a common-law marriage is not one of the contracting parties, then it is necessary only to prove cohabitation and general repute. However, the decisions of the Supreme Court appear consistent in the view that the fundamental element of a common-law marriage is the agreement of the parties and that the agreement must be mutual and actually consummated. Proof of such an agreement is essential regardless of who attempts to establish the existence of the common-law marriage. The rule of LeBlanc and Edge is merely to the effect that such an agreement should be established by the “best evidence”, when such' is available. When it is not, then the agreement may be established by proof of cohabitation and repute.
Appellant Jacob takes the position that there was sufficient evidence to establish existence of the common-law marriage *304 and that the burden therefore shifted to Ola Mae to prove the non-existence thereof. However, appellant overlooks the rule that there is presumption in favor of the validity of a second marriage and that when one seeks to overcome such presumption the burden rests upon him. We have said that this presumption of the validity of a second marriage is one of the strongest known to the law. Roberts v. Roberts, 124 Fla. 116, 167 So. 808; Teel v. Nolen Brown Motors, Fla. 1957, 93 So.2d 874. The Chancellor in effect held that this presumption had not been overcome.
Although, admittedly, the evidence in the instant case presents a borderline situation, we do not feel justified in setting aside the conclusion of the Chancellor whoheard the testimony, weighed the evidence and evaluated the credibility of the witnesses.
The decree is affirmed.
KANNER, Acting C. J., SHANNON, J., and THORNAL, CAMPBELL, Associate Judge, concur.