SHANNON, Acting Chief Judge.
The plaintiff, allegedly the widow of the ■deceased, James F. Sikes, brought suit under the wrongful death statute claiming that the defendant negligently caused the death of the deceased. The lower court entered a summary judgment in favor of the defendant, finding that the plaintiff was not the wife of the deceased, and the plaintiff has appealed.
In the summary final judgment the chancellor found that the plaintiff was divorced on May 25, 1949, from one Ruggles. In August, 1950, the plaintiff and Lewis Meighen went through the motions of a ceremonial marriage, but Meighen lacked the capacity to marry as he was already married to Mary J. Meighen, which fact was unknown to the plaintiff. Mary J. Meighen secured a divorce from Lewis Meighen on October 21, 1952. The plaintiff alleges that she did not find out about Meighen’s previous marriage until late in 1953, and that she immediately left him.
In January, 1957, plaintiff filed suit for divorce against Meighen. In this suit plaintiff testified that she lived with Meighen as his wife until February 10, 1954, at which time Meighen did not return home and hasn’t been heard from since. This divorce suit proceeded until September, 1958, when it was dismissed for failure to prosecute. In 1958 it appears that the plaintiff and the deceased entered into a relationship which would constitute a common-law marriage if the plaintiff had had the capacity to marry, that is, if she were not married to Meighen.
It appears that the trial court granted the summary judgment mainly because the plaintiff had established a marital relationship with Meighen as shown by the plaintiff’s subsequent divorce proceeding against Meighen which was dismissed.
It is well established in Florida that when a person has allegedly been married twice there is a strong presumption of the validity of the second marriage. See In re Hind’s Estate, Fla.App.1961, 135 So.2d 13; McBride v. McBride, Fla.App.1961, 130 So.2d 302; Teel v. Nolen Brown Motors, Inc., Fla. 1957, 93 So.2d 874; and Roberts v. Roberts, 1936, 124 Fla. 116, 167 So. 808.
In the case of In re Hind’s Estate, supra, Judge White said:
“In civil actions the proof of a couple living together and holding each other out as man and wife raises an inference or presumption of marriage, but the presumption of continuance of a previous marriage is not equal in force to the presumption of validity of a subsequent marriage. Accordingly in cases of conflict of presumptions arising from two marriages of the same party, the general current of authority holds that the presumption in favor of the subsequent marriage overcomes that in favor of the former. Bagdad Land & Lumber Co. v. Poston, 1915, 69 Fla. 340, 68 So. 180; Jones v. Jones, 1935, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1; Roberts v. Roberts, 1936, 124 Fla. 116, 167 So. 808, 809.”
In order to overcome the presumption of the validity of the second marriage, it is not enough to show a previous marriage and uncompleted divorce proceedings against the prior spouse, as was shown *324 in this case. There must also be some evidence showing that the previous marriage has not been dissolved by death or divorce. This procedure has been set out in Roberts v. Roberts, supra, and in 21 Fla.Jur., Marriage, Sec. 54, which states:
"54. — Proof Relative to Competing Marriages.
“To sustain the burden of proof of the invalidity of a subsequent marriage because of the existence of a previous marriage, it is necessary to prove or establish the previous marriage, its validity, and its continuation and non-dissolution by death or divorce at the time of the subsequent marriage.
“In order to establish the continuation and nondissolution of the former marriage, it is not necessary to eliminate each and every remote possibility that a divorce has been secured by the husband or wife; rather, it is sufficient if the evidence establishes that there is no reasonable probability that a divorce has been secured. Thus, it is not necessary to go into every county of the state where the spouse may have been in order to show that no divorce had been secured therein, but it is sufficient to show that no divorce was granted in tiróse counties in which he or she was legally qualified to obtain a divorce during the period of the separation until the time of the alleged subsequent marriage.”
The evidence in this case concerning the invalidity of the subsequent marriage to the decedent was not enough to justify the entering of a summary judgment against the plaintiff.
Reversed and remanded.
WEHLE, VICTOR O., Associate Judge, concurs.
WHITE, J., concurs specially.