CHARLES CARROLL, Chief Judge.
On January 26, 1967, the appellee Elizabeth Sandra Phillips filed a complaint for divorce against the appellant James Maynard Phillips, II, charging extreme cruelty. She alleged the parties had entered into a common law marriage on or about October 16, 1965, and that she was with child, and prayed for a divorce and for temporary and permanent alimony and attorney fees. Thereafter, by an amended complaint, the wife alleged there had been a reconciliation, during which the child had been born, and again charged the defendant with extreme cruelty. The husband answered the amended complaint. A second amended complaint was filed on April 3, 1968, which adopted the allegations of the prior complaints and elaborated on the allegations relating to the claimed common law marriage. The husband answered, admitting the birth of the child and allegations as to his ownership of certain bank accounts, and denying the other allegations.
The wife applied for and obtained an order for temporary alimony and child support. In that order the trial court found “the plaintiff has established a prima facie marriage to the defendant by competent evidence and testimony of her witnesses.” On this interlocutory appeal taken by the husband from that order, the determinative question is whether the evidence supports that finding.
Common law marriages were recognized in Florida prior to the act of the legislature in 1967 (Ch. 67-571; F.S.1967, § 741.211 F.S.A.), which provided that none such made after January 1, 1968, would be valid.
On an application for temporary alimony in such a suit it was incumbent upon the wife to make a prima facie showing of the existence of a common law marriage. See Chaachou v. Chaachou, Fla. 1954, 73 So.2d 830, 832, where the Supreme Court so held, rejecting an earlier statement in Fincher v. Fincher, Fla.1952, 55 So. 2d 800, that as a predicate to allowance of temporary alimony to a wife claiming common law marriage it is not enough to show the existence of the marriage prima facie, but its existence should be determined conclusively.
A common law marriage generally is established by evidence of cohabitation and repute, and of an agreement between the parties per verba de praesenti to be husband and wife. The last mentioned element is essential. McBride v. McBride, Fla.App.1961, 130 So.2d 302, 303. And see LeBlanc v. Yawn, 99 Fla. 328, 126 So. 789.
Without attempting to detail the evidence presented to the trial court on *85 the wife’s application for temporary alimony in this case on examination thereof we hold, as did the able trial judge, that the wife duly met the requirement to make a prima facie showing of the existence of a common law marriage.
Notwithstanding the finding of the trial court that the wife made a prima facie showing of the existence of a common law marriage, and our affirmance thereof, the disputed issue of common law marriage remains for trial and decision on final hearing.
Affirmed.