RAWLS, Judge.
Appellant-defendant, the wife, appeals a final judgment of annulment entered in favor of appellee-plaintiff, the husband.
The basic points on appeal are: 1. The right of a husband under the facts of this case to procure an annulment for the reason that a common-law marriage arose out of the actions and conduct of the parties, 2. Whether the court erred in division of personal property of the parties, and 3. Whether the court erred in not awarding attorney’s fees and costs for the wife.
The undisputed facts are that, after a license was procured, plaintiff and defendant participated in a formal marriage ceremony on February 19, 1965, in Dade County, Florida. At that time the wife had secured an interlocutory judgment of divorce from a former husband on July 6, 1964, in the State of California, which interlocutory judgment did not become final until July 13, 1965. The defendant knew that she was ineligible to enter into a valid marital contract with the plaintiff at that time. Subsequently the parties lived and cohabited together as man and wife overseas and in the States of Michigan, Florida and Pennsylvania until the time of their final separation, which occurred during the latter part of 1969 or the first part of January 1970. Controverted testimony which must be construed in a light most favorable to the prevailing party, the plaintiff, was that he knew defendant had been married but thought she had procured a final divorce prior to entering into the marital ceremony with her, and that some several months after this ceremony was performed he was *730 informed by the defendant that her previous marriage had not been dissolved. On a number of occasions during the period of time they lived together and cohabited as man and wife, plaintiff agreed with defendant that he would “remarry” her at a later date, which later date never came. The parties have no children.
In Reese v. Reese, 192 So.2d 1 (Fla.1966), Mr. Justice Drew, speaking for the Supreme Court, held flatly: " * * * that a bigamous marriage under our law is void and therefore ineffective to alter the legal rights of the parties involved * * This rule of law is most applicable to the facts in this case since it is uncontroverted that the defendant knew at the time of engaging in the ceremony with plaintiff that she was, in the eyes of the law, already married and was not capable of contracting a valid marriage. The subsequent promises of plaintiff to “remarry” her did not in any manner alter the illegal relationship of the parties.
As to the consummation of a common-law marriage by the acts and conduct of the parties subsequent to the marital ceremony, this jurisdiction has required the proof of at least three elements: 1. Living together as husband and wife, 2. Consummation, and 3. A present mutual assent to be husband and wife. The first two elements are present in the case sub judice. However, the third element, mutual assent, cannot be said to have been met. The overwhelming evidence in this record is that these two parties knowing of their bigamous marriage continued to live together and agreed to marry at some time in the future.
Appellant relies strongly upon Roberts v. Roberts, 124 Fla. 116, 167 So. 808 (1936), and Jones v. Jones, 119 Fla. 824, 161 So. 836 (1935). In Roberts, supra, the court noted the rule is settled in this jurisdiction that he who challenges the validity of a subsequent marriage assumes the burden of proving its invalidity. There is no question the invalidity of the second marriage was proven in this case. In Jones, supra, the court noted:
“ * * * where an absolutely void bigamous marriage is innocently contracted by one of the parties in ignorance of the existing impediment, and as a result of fraud and deceit practiced upon him by the opposite party, the fact that such void marriage has subsequently ripened into a presumptively valid common-law marriage through continued cohabitation of the parties after the disbarring prior marriage has been dissolved by death, should not bar or preclude the innocent party to such fraud from treating the resultant common-law marriage as one that is voidable within a reasonable time after discovery of the fraud practiced upon him, and thereupon having a judicial annulment of same, such as was sought in this case.”
The foregoing quotation from Jones is without question sound law. However, in this cause the proof is uncontroverted that the woman was not innocent of the existing impediment at the time she entered into the marital ceremony with the plaintiff and, therefore, is not in a position to now plead that this illicit relationship ripened into a valid common-law marriage. Accepting her statements as being true, the most this record reveals is that the man promised to marry her sometime in the future which would at the most constitute an action for breach of promise, and such is not the basis for a cause of action in this jurisdiction.
. As to the question of property rights, the parties agreed that they had divided the small amount of personal property which they had accumulated during their cohabitation except for three items; (1) a color TV set which is still in the possession of the plaintiff who is temporarily residing in Pennsylvania where he is attending college, and upon which the sum of $215 is still owed; (2) a stereo set purchased by plaintiff prior to the “marriage;” and (3) minor personal ef *731 fects still in the plaintiff’s possession and which he stated to the court the defendant could pick up at any time. We hold the trial court did not err in any regard as to the question of the division of personal property.
Lastly, defendant contends she is entitled to attorney’s fees and costs for this proceeding. The trial court was correct in denying her prayer for two reasons: 1. The marriage was void, and 2. There was no evidence of the plaintiff’s ability to pay nor defendant’s need. The plaintiff is a college student of limited or no means, and the defendant has for a number of years held a substantial position as a school teacher.
The judgment appealed is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.