PER CURIAM.
Petitioner, Henrietta Carey, appeals an order dismissing with prejudice her petition for removal of personal representative.
Myrtle R. Lee died on November 29, 1976 and her husband, Robert J. Lee (respondent-appellee), as surviving spouse was appointed administrator of the estate upon filing a proper petition therefor. On March 21, 1977 Henrietta Carey, the deceased’s aunt, filed the instant petition requesting that Robert Lee be removed as personal representative because his marriage to the deceased was invalid in that he had been married on four occasions prior to marrying the deceased and did not legally divorce two of his past four wives. At the conclusion of petitioner’s case the court granted Robert Lee’s motion to dismiss and this appeal ensued.
One of the strongest presumptions of the law exists in favor of the validity of the last marriage. Teel v. Nolen Brown Motors, 93 So.2d 874 (Fla.1957). The party attacking the legality of last marriage has the heavy burden of rebutting the presumption that such marriage is valid and all public records available should be exhausted in an effort to establish the fact of the absence of a divorce. See Teel, supra; King v. Keller, 117 So.2d 726 (Fla.1960); Jablonski v. Caputo, 297 So.2d 310 (Fla.2d DCA 1974).
After a review of the record, it is clear that petitioner-appellant failed to sustain her burden and in fact presented no documentary evidence nor proof of utilizing available public records.
Affirmed.