LILES, WOODIE, A., Associate Judge (Retired).
Appellant filed in the trial court a petition for administration of the estate of Charles Jenkins, seeking, as surviving spouse, to have her attorney named personal representative of the estate. She appeals the trial court’s ruling that Ethel Kate Jenkins is entitled, as the surviving spouse, to appointment as personal representative of the estate of Charlie Jenkins. We affirm.
The deceased and appellant were married in 1940 in Mitchell County, Georgia, and resided together as husband and wife until 1948. In 1948 they separated, and the deceased moved to Port St. Joe, Florida, where he resided until he died intestate on October 4, 1977. Since 1948, appellant has been aware that the deceased was residing in Port St. Joe, and appellant has visited Port St. Joe on three occasions from 1948 to date.
The deceased and Ethel Kate Jenkins were married on November 13, 1959, in Apalachicola, Florida, and resided together as husband and wife until the deceased’s death on October 4, 1977. At the time of the marriage, Ethel Kate Jenkins believed the deceased was legally eligible for marriage. Appellant was aware of the marriage. Only after the death of the deceased did appellant appear to assert the continuing validity of her marriage to decedent.
In Florida, a strong presumption exists in favor of the validity of the last marriage. The burden of rebutting that presumption rests upon the party attacking the legality of the last marriage. Teel v. Nolen Brown Motors, 93 So.2d 874 (Fla.1957). Although, in meeting her burden, the first wife is not required to eliminate *268 every remote possibility that her husband may have secured a divorce from her prior to his last marriage, “it is necessary that she tender evidence which when weighed collectively establishes the absence of a reasonable probability that her husband actually secured the divorce.” Teel, supra. In Quinn v. Miles, 124 So.2d 883, 886 (Fla. 1 DCA 1960), the court recognized:
It has been repeatedly held that if the records of the State Bureau of Vital Statistics fail to disclose any divorce by the decedent against his wife during the period of their separation, such evidence will be sufficient proof that no such divorce was ever procured, and likewise sufficient to rebut the presumption of validity attaching to the subsequent marriage of decedent.
In this case, appellant met her burden to tender sufficient evidence that a divorce was not obtained in Florida when she introduced into evidence a letter from the Office of Vital Statistics in Jacksonville, Florida, which stated that that office had failed to find a record of divorce or annulment of the marriage of deceased and appellant. Appellant also presented three exhibits which were not admitted into evidence showing notations from the Clerk of the Circuit Courts in Franklin and Gulf Counties, Florida, and the Clerk of Circuit Court in Mitchell County, Georgia, all of which relate that there is no record of a dissolution of the marriage of deceased and appellant in those counties. The trial court concluded that appellant had not adduced sufficient evidence to overcome the strong presumption in favor of the validity of the second marriage and thereupon upheld the validity of deceased’s marriage to Ethel. We agree that appellant has not met her burden since she has not introduced sufficient evidence that a divorce was not obtained in the State of Georgia. In Teel the court declared:
. in this day of well kept public records covering vital statistics, such as, births, marriages and divorces, we feel that to the extent possible the public records available should be exhausted in an effort to establish the fact of divorce or the absence of a divorce as the case may be. In this case, for example, we judicially know that the State Bureau of Vital Statistics is the custodian of records that reflect the granting of divorces in every county in Florida. A similar agency exists in the State of Georgia, where the deceased [husband] in the instant case evidently resided for a considerable period of time. In order to eliminate the doubt as to the presence or lack of a divorce, and in order to discharge the burden placed upon her, we think the first wife should have exhausted a search of these public records.
See also Jablonski v. Caputo, 297 So.2d 310 (Fla. 2 DCA 1974). Likewise, in the instant case, since appellant and the deceased had resided together as husband and wife and then separated in Georgia, we feel that appellant was required by the law of Florida to introduce evidence that the records of the Bureau of Vital Statistics in Georgia did not reflect a dissolution or annulment of the marriage of appellant and the deceased. Because appellant failed to meet her burden of proof, we affirm the decision of the trial court.
AFFIRMED.
BOOTH, J., concurs.
SHAW, J., concurs in results only.