974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Graciela ZAYAS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary, Department of Human
Services, Defendant-Appellee.
 No. 91-15456.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 17, 1992.
Decided Sept. 4, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Graciela Zayas appeals from the district court's grant of summary judgment affirming the Secretary of Human Services' denial of her claim for social security widow's benefits. Zayas alleges that she is entitled to benefits on the theory that her marriage to Dr. Eduardo Valdes was never legally dissolved. We affirm the denial of her claim.
 
 Validity of the Last Marriage
 
 3
 The validity of the last marriage for purposes of entitlement to widow's benefits is tested by state law. 42 U.S.C. § 416(h)(1)(A); 20 C.F.R. § 404.345. Because Dr. Eduardo Valdes was domiciled in Florida at the time of his death, Florida law establishes the legal standard for testing the validity of the last marriage. The Secretary correctly set forth the legal standard established by Florida law, that presumes the validity of the last marriage. Teel v. Nolen Brown Motors, Inc., 93 So.2d 874, 876 (Fla.1957). Florida burdens the party attacking the last marriage by requiring the following:
 
 
 4
 While the alleged first wife is not required to eliminate every remote possibility that a divorce might have been secured by her husband, it is necessary that she tender evidence which when weighed collectively establishes the absence of a reasonable probability that her husband actually secured the divorce.
 
 
 5
 Id.
 
 
 6
 The Secretary concluded that Zayas did not carry her burden of proving the invalidity of the last marriage. We agree. Zayas acknowledges that in November 1958, she and Dr. Valdes signed legal papers supplied by their attorney to initiate a divorce proceeding. Further, in 1966, Zayas initiated a proceeding in New York for additional child support. In connection with that proceeding, Zayas testified that she and Dr. Valdes were divorced in Cuba in 1958. Dr. Valdes answered the complaint for additional support and specifically referred to the child support amount established by the "final decree of divorce which occurred in Cuba many years ago."
 
 
 7
 In February 1963, Dr. Valdes married Louise Sharpton. The marriage license application indicates that Dr. Valdes was divorced on November 7, 1958. Louise Valdes stated that Dr. Valdes showed her a copy of the divorce decree.
 
 
 8
 Citing Stewart v. Hampton, 506 So.2d 70, 72 (Fla.Dist.Ct.App.1987), Zayas argues she rebutted the legal presumption of the validity of the last marriage because under Florida law the presumption of validity of the last marriage can be overcome if the first wife establishes that a records check was made of all the counties in which the decedent lived and that no divorce was obtained in any county.
 
 
 9
 Zayas relies on the following evidence: (1) Certified record research showing that Dr. Valdes did not obtain a divorce from Zayas in any Florida County in which he lived; (2) A 1962 Civil Registry record of Havana, Cuba, documenting Zayas' birth and marriage but not a divorce from Dr. Valdes; and (3) Expert testimony from a Havana attorney, who practiced there in 1958, indicating that Cuban law required that a divorce decree be entered onto Civil Registry records. Given this evidence, Zayas contends that she has established sufficiently the invalidity of the second marriage and the Secretary's contrary decision is not based upon substantial evidence, and must be reversed.
 
 
 10
 The Secretary applied the standard that in order for a divorce to be valid under Cuban law, registration was not necessary so long as there was evidence of a valid decree. Zayas does not dispute this standard on appeal. After weighing the evidence which supports and detracts from the Secretary's conclusion, we find that there was substantial evidence for the determination to deny Zayas widow's benefits. See Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir.1988).
 
 Laches
 
 11
 Next, Zayas alleges that the doctrine of laches, alternatively relied upon by the Secretary, was inapplicable to the facts of this case. Because we find that there was substantial evidence underpinning the decision of the Secretary to deny Zayas widow's benefits, we need not reach the issue of whether Zayas would be barred from challenging the validity of her divorce from Dr. Valdes on equitable grounds.[1]
 
 Remand
 
 12
 Next, Zayas contends that remand to the Secretary is necessary so that she can conduct additional searches in her attempt to overcome the validity of the last marriage.
 
 
 13
 "A claimant seeking remand must demonstrate that there is new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990) (citation and quotation omitted). Zayas has not shown that there is new evidence which was not considered by the Secretary to justify a remand.
 
 Procedural Due Process
 
 14
 Zayas also alleges that her right to procedural due process was infringed by an officer of the Secretary who forwarded to the Administrative Law Judge ("ALJ"), a memorandum why Zayas' appeal should be denied. This allegation is without merit. Even if the decision of the ALJ was tainted by the memorandum, the ALJ's decision was vacated. Our judicial review concerns the subsequent decision of the Appeals Council. This review shows no evidence that the Appeals Council's decision was unduly influenced by this correspondence. "In the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties...." County of Del Norte v. United States, 732 F.2d 1462, 1468 (9th Cir.1984), cert. denied, 469 U.S. 1189 (1985).
 
 Secondary Evidence
 
 15
 Finally, Zayas alleges that the Secretary improperly relied on the doctrine of "secondary evidence" to conclude that there was substantial evidence that the November 7, 1958 divorce decree existed at one time, and therefore, Zayas was not entitled to benefits as the legal widow. However, absent this evidence, there remained sufficient other evidence relied upon by the Secretary to find that Zayas did not meet her burden of overcoming the presumption of the last marriage's vitality.
 
 Conclusion
 
 16
 We affirm the decision that Zayas was not entitled to widow's benefits.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also need not reach the question of whether Social Security Ruling 61-65 provides yet another additional equitable ground which would bar Zayas from attacking the validity of the last marriage