In Re: Estate of Rosa Price, Deceased.

176 So. 492.
Opinion Filed October 20, 1937.

*Paull E. Dixon,* for Appellant;

*Tom J. Dandrum* and *John R. Parkhill,* for Appellee.

CHILLINGWORTH, Circuit Judge.—Rosa and Nick were married. They lived together. They were divorced. Romance was still in the air. The affinity could not be forgotten. Rosa and Nick became lovers. She was the proprietor of a place that had the reputation of being a "sporting house." Nick ostensibly followed the calling of a bolita peddler and gambler, although he lived in a room adjoining the room of Rosa. Perhaps, they did swear to be true to each other, true as the stars above, but all was not well. Rosa said Nick did her wrong. She did not become desperate or take matters into her own hands. She filed a suit for separate maintenance upon the basis of a common law marriage, alleging that Nick had been guilty of adultery with divers women—the places were not mentioned—and guilty of habitual intemperance. Nick re-

tained counsel, who filed an answer denying the marriage relationship. While the suit was still pending Rosa died. Nick, alleging that he was the surviving husband and sole heir of Rosa, procured Letters of Administration naming him as Administrator of her estate, valued at $2,500.00. The sisters and a brother of Rosa filed a petition for revocation of the Letters of Administration, alleging that Nick was not the husband of Rosa at the time of her death. Upon the trial in the County Judge's Court, the court admitted in evidence, over the objection of Nick, his answer filed in the separate maintenance suit. The County Judge found the issues of fact in favor of the petitioners, and revoked the Letters of Administration issued to Nick. Upon appeal the judgment was affirmed by the Circuit Court. Nick now further appeals to this Court.

Only two questions are presented, first—a question of law as to whether under the 1931 Chancery Act, an answer denying the marriage relationship is admissible against the interest of the answering defendant in another cause, wherein he seeks to assert the existence of the marriage relationship; and, second—a question of fact—was Nick the husband of Rosa when she died?

Section 7 of the 1931 Chancery Act sustains the ruling of the trial judge in admitting the answer in evidence. The answer implies that it was prepared upon instructions from Nick to his counsel. There is nothing to indicate any fraud, or any other valid reason, why the answer should not be admissible in evidence—not as an absolute estoppel, but as proof against Nick. See Younglove v. Knox, 44 Fla. 743, 33 So. 427, and Booth v. Lenox, 45 Fla. 191, 34 So. 566.

On the question of fact, the evidence is ample to support the judgment of the trial court. Particularly is this so when it has been affirmed by the Circuit Court. The evi-

dence wholly fails to show the mutual consent essential to establish a common law marriage. It does not appear that there was any agreement to become husband and wife immediately from the time when mutual consent was given. Neither cohabitation and repute nor circumstances, whose sole function is to show mutual consent of the parties, establishes a common law marriage of itself. There must be words of present assent *per verba de praesenti*. Marsicano v. Marsicano, 79 Fla. 278, 84 So. 156. Chaves v. Chaves, 79 Fla. 602, 84 So. 672; Garcia v. Exchange National Bank, Tampa, 123 Fla. 726, 167 So. 518.

This is just another suit where no useful purpose whatsoever would be served in endeavoring to restate all the evidence. While the tale is sordid, the motive of Nick is obvious. His persistence is difficult to understand in the light of this record. The appeal is as destitute of merit, as Nick is devoid of conscience.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

WHITFIELD, J., absent because of illness.