54 So.2d 575

## WHITWORTH v. WHITWORTH.

### 6 Div. 226.

Supreme Court of Alabama.

Oct. 18, 1951.

Curtis, Maddox & Johnson, Jasper, for appellant.

Fite and Fite, Hamilton and Fite & Fite, Jasper, for appellee.

BROWN, Justice.

This appeal is from a final decree entered by the Circuit Court of Marion County, in equity sitting, in the matter of the estate of Billie John Whitworth, deceased, removed from the Probate Court of said county, denying and dismissing the petition of Susie Whitworth, the divorced wife of said decedent, seeking the removal of Marvin J. Whitworth as administrator and the appointment of the petitioner as administratrix of said estate.

The decree entered September 7, 1950, after stating that the court was of opinion that the petitioner is not entitled to any relief under her petition, recites:

"Upon consideration of the pleadings and of the competent, legal, material and relevant testimony,

"It is therefore, ordered, adjudged and Decreed by the Court that the Petition in this cause be, and the same hereby is dismissed. The costs of the cause are taxed against the Petitioner, for which execution may issue."

The gist of the petition is thus stated: "The petitioner, Susie Whitworth, avers that at the time of the death of said decedent, Billie John Whitworth, she was his common law wife and that she is now his widow, and as such is entitled to share in the distribution of his estate and is entitled as a matter of preferential right to administer the estate of said decedent, Billie John Whitworth. The respondent, Marvin J. Whitworth, was prematurely, improperly, and improvidently appointed as such administrator of said estate, contrary to law, without notice to the petitioner. Said appointment was made prior to the expiration of forty days from the death of said decedent, Billie John Whitworth. This petition is filed within forty days after the death of said decedent, Billie John Whitworth. The petitioner, Susie Whitworth, is the proper person to administer said estate, and she is in no way disqualified under the laws of Alabama to serve as administratrix of said estate. She has not waived her right to administer said estate and she now asserts that right."

These allegations were denied by the respondent administrator, thus presenting an issue of fact, the burden of proof of which was on the petitioner. This issue of fact was heard and determined on testimony given *ore tenus* taken before the court and documentary evidence, resulting in the stated decree, from which the petitioner has appealed.

The background of the proceedings as disclosed by the evidence briefly stated is: The petitioner and the intestate were married in Winston County March 25, 1925 and lived together in a state of wedlock for about twenty years when said domestic relation was interrupted by the voluntary abandonment by the wife of her husband, the decedent, who at that time, as the evidence tends to show, was in failing health, and on January 10, 1947, he filed his bill seeking a divorce.

On April 22, 1947, the wife (petitioner here) filed an answer and cross-bill seeking alimony temporary and permanent and attorney's fees. On May 5, 1947, a decree for temporary alimony and attorney's fees was granted, which was not complied with by the complainant, and he on application of the wife by her solicitor was cited for contempt and required to appear and show cause. On the hearing on June 2, 1947, the court ordered execution to issue for the alimony in arrears and attorney's fees. Execution was issued and levied by the sheriff on the real estate of the complainant in the divorce suit to be had on July 28, 1947.

Thereafter on July 15, 1947, before the date of the sale, the defendant filed a substituted answer, withdrawing the original answer and cross-bill, alleging in the substituted pleading that the parties had agreed on a settlement of their property rights in which the defendant (petitioner and appellant here) withdrew the levy under the execution but denied and continued to contest the right of the complainant to a divorce on the ground of abandonment.

On July 16th the divorce case was submitted for final decree on pleading and proof, resulting in the decree of July 17, 1947, dissolving the bonds of matrimony between the parties with judicial mandate, "that the said Billie J. Whitworth is forever divorced from the said Susie Whitworth for and on account of voluntary abandonment as alleged in the bill."

Against this background the petitioner, appellant here, testified as a witness in her own behalf that the conjugal relations and practices between her and Whitworth were not interrupted, but for a short space of time, and by agreement between themselves they continued to live together and cohabit as husband and wife, going into considerable detail. This testimony falls short of establishing the elements of a common-law marriage and besides the testimony of this witness was challenged by the testimony of the witness Clark, hereinafter referred to, and the other testimony offered going to show the essential elements of a common-law marriage between the parties was

in conflict, leaving that question to inference to be drawn by the court.

 In Turner v. Turner, 251 Ala. 295, 37 So.2d 186, 188, it was observed:

"We stress that to constitute such marriage there must first have been a *present agreement* between a man and a woman, eligible to enter such relationship, to take each other as man and wife; and then this must be followed by cohabitation or the mutual assumption openly of marital duties and obligations. Keezer, Marriage and Divorce, 3rd Ed., Morland, p. 34, § 20; In re Price's Estate, 129 Fla. 467, 176 So. 492; authorities, supra.

"As the above-cited Florida case pertinently observes:

"'Neither cohabitation and repute nor circumstances, whose sole function is to show mutual consent of the parties, establishes a common-law marriage of itself. There must be words of *present assent per verba de praesenti.*' 176 So. 493. (Emphasis supplied)."

There was nothing in the decree of divorce that restrained the parties from entering into a ceremonial marriage and yet they did not do so, although Billie Whitworth lived for upwards of two years after the divorce was granted.

 The written application prepared by the witness Holly for the admission of Whitworth to the Veterans' Hospital and signed by the deceased is of little or no probative value as evidence to establish a common-law marriage. While it designated Susie Whitworth as the person to be notified in emergency, characterizing her as "wife", it also shows that they were divorced.

There was testimony of defendant's witness Clark which if believed casts a shadow over the petitioner's case. Clark's testimony goes to show that the appellant tried to induce the witness to testify to facts inconsistent with his testimony on the trial and offered to give him $50.00 if she won.

 We are not able to affirm on the record here that the court erred in dismissing the appellant's petition. Its ef-

fect was to decide the entire controversy against the petitioner.

 The court did not err in refusing "to permit neighbors to testify * * * as to whether or not they considered the appellant and deceased as husband and wife."

We find no errors in the proceedings of the circuit court. The judgment is due to be affirmed. It is so ordered by the court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.