89 So.2d 22 (1956)
Ethel JORDAN, Appellant,
v.
Bill JORDAN, Appellee.
Supreme Court of Florida. Special Division B.
July 25, 1956.
*23 Edward L. Lustgarten, Miami, for appellant.
Irving Cypen and Michael H. Salmon, Miami Beach, for appellee.
PRUNTY, Associate Justice.
This is an appeal from a final summary decree entered by the lower court in favor of the defendant-appellee in a divorce action instituted by appellant.
The alleged wife's complaint claims that the parties are husband and wife because of a common-law marriage, which it is alleged was consummated in July 1953. The wife charges her alleged common-law husband with extreme cruelty and seeks alimony and attorney's fees.
The Chancellor correctly granted the defendant-husband's motion to sever the issue of the existence or non-existence of the marriage relationship. A summary final decree was entered thereon finding that no common-law marriage existed.
The parties entered into a relationship in 1949 which was admittedly illicit or meretricious. This relationship continued for several years although there were several interruptions. One such interruption was caused by the marriage of appellant to a third party and her subsequent divorce from him.
The appellant, through most of the period of the acquaintanceship of the parties, worked as a "disc jockey" in the night club operated by the appellee. She used the name Ethel Davis.
The appellant contends that an agreement to enter into a common-law marriage was accomplished in July 1953. However, appellant admits no significant change in the relationship of the parties occurred; they simply continued as before. Appellant *24 did not change her bank account, driver's license, Social Security card or other documents to reflect the alleged marital status. The parties acquired no joint property. In 1953 she did not join in her alleged husband's income tax return but allowed her mother to claim her as a dependent.
It further appears that appellant spent her own money on necessities before and after the alleged marriage. She was not generally publicly referred to or introduced as the wife of the appellee.
The parties apparently broke off all relations in May 1954, and the complaint was filed the August following.
The fundamental element of the common-law marriage is the agreement of the parties. This agreement must be actual and mutual, and must be consummated. Meister v. Moore, 96 U.S. 76, 24 L.Ed. 826.
When a marriage is alleged to have been consummated, but there are no witnesses to the claimed agreement, proof of cohabitation and general repute are frequently relied upon inferentially to establish the agreement. Le Blanc v. Yawn, 99 Fla. 328, 126 So. 789.
In the case at bar the appellant has an additional burden to carry of showing the transition, if any, from concubinage to marriage, since the relationship was conceived meretriciously. McClish v. Rankin, 153 Fla. 324, 329, 14 So.2d 714; Gilbreath v. Lewis, 242 Ala. 510, 7 So.2d 485.
Appellant failed to carry the burdens necessary to establish the common-law marriage relationship. In fact, the appellant even attempts to excuse her deficiency by contending that many people thought the parties were married prior to 1953 and it would therefore be embarrassing to announce a marriage at that late date.
We find the Chancellor was clearly within his bounds of reasonable latitude in determining that no genuine issues of fact were presented and that no common-law marriage existed.
No application for allowance of alimony or attorney's fees could be properly considered until the existence of a marriage had been established. No marriage was established; therefore, no alimony or attorney's fees could be considered.
The decree of the lower court appealed from must be and is hereby
Affirmed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.