HORTON, Judge.
Appellant seeks review of a final decree granting the appellee a divorce and awarding alimony, attorneys’ fees and costs. The final decree is predicated upon the following findings by the chancellor:
1) That a common law marriage existed between the parties;
2) That appellant had a wife living at the time of his marriage to appellee; and
3) That appellant had been guilty of extreme cruelty.
The appellant has posed four questions under nine assignments of error, which he contends require a reversal of the decree. However, the principal question is whether or not the chancellor’s finding that a common law marriage existed between the parties is supported by the evidence. We conclude that it is not and that the decree should be reversed.
The appellee’s testimony in support of the allegations in her bill of complaint *806 —that a common law marriage existed between herself and the appellant — is at best sketchy and uncorroborated. It appears from her testimony that while she was employed as a waitress in a Key West, Florida, restaurant, she met the appellant and that the appellant told her “we would mo-ve to Fort Lauderdale, buy a home and get married”. This testimony was followed by her assertion that they had moved to Fort Lauderdale and begun to live together as man and wife. In another place in her testimony, the appellee stated that it was her intention to be the wife of the appellant, and that the appellant had expressed the intention that they “were to be married”. On cross-examination, the appellee stated that it was their intention to have a formal ceremony after moving to Fort Lauderdale, but that a formal ceremony never took place. On another occasion, the appellee testified that the appellant stated that he would wait until they got the house furnished and then get married. There is no evidence of any agreement between the parties to become man and wife, nor any showing of mutual consent of the parties to enter into or establish a common law marriage. It is true that there is evidence in thetrecord that the parties lived together and held themselves out as man and wife, but this is far short of what is required to establish'a common law marriage. The Supreme Court of Florida, in Carretta v. Carretta, Fla.1952, 58 So.2d 439, 441, in quoting- from an éarlier case, said:
“In the case of In re Price’s Estate, 129 Fla. 467, 176 So. 492, 493, we held that ‘neither cohabitation and repute nor circumstances, whose sole function is to show mutual consent of the parties, establishes a common-law marriage of itself. There must be words of present assent per verba de prae-senti.’ ”
The Court further went on to say that the best evidence to establish such a marriage would be the testimony of the contracting parties and others who may have been present when the agreement was made. In the instant case, if there was such an agreement between the parties to become husband and wife, certainly the ap-pellee would have testified as to the agreement. Her testimony was totally lacking in this regard.
In Jordan v. Jordan, Fla.1956, 89 So.2d 22, 24, the Supreme Court of Florida said:
“The fundamental element of the common-law marriage is the agreement of the parties. This agreement must be actual and mutual, and must be consummated. Meister v. Moore, 96 U.S. 76, 24 L.Ed. 826.
‡ % % Hi ‡
“In the case at bar the appellant has an additional burden to carry of showing the transition, if any, from concubinage to marriage, since the relationship was conceived meretriciously. McClish v. Rankin, 153 Fla. 324, 329, 14 So.2d 714; Gilbreath v. Lewis, 242 Ala. 510, 7 So.2d 485.
It is obvious from this record that the relationship between the parties was meretricious and that the proof of the ap-pellee is far short of that necessary to show a transition from the meretricious relationship to one of marriage.
Inasmuch as we have concluded that the evidence fails to support the conclusion that a marriage existed between the parties and that the decree should be reversed, no useful purpose could be served in a discussion of the appellant’s remaining questions.
Accordingly, the decree appealed from is reversed with directions that the bill of complaint be dismissed.
Reversed with directions.
CARROLL, CHAS., C. J., and BARNS, PAUL D., Associate Judge, concur.