HORTON, Chief Judge.
The plaintiff-appellants seek review of a final decree dismissing their complaint. The dismissal was based upon the chancellor’s determination that the defendant had proved a common law marriage.
The plaintiffs sought partition of certain property which they alleged was held by their father at his death as a tenant in common with the defendant. The answer alleged that the property in question was the homestead of the parties and that the defendant, as the widow of the deceased, was entitled to ownership and possession.
Although the appellants have raised a number of points upon which they rely *259 for reversal, we conclude the determinative question is whether or not a common law marriage was established.
It appears from the testimony that the defendant and the now deceased Marshall commenced living together in 1952, at which time the defendant was married to one Ser-rafinski, who died approximately eight months prior to the death of Marshall. Appellants have contended, and at this point it must be observed, that when the relationship between a man and a woman living together is meretricious in the beginning, it is presumed to continue until a changed relation is shown. See Gilbreath v. Lewis, 242 Ala. 510, 7 So.2d 485; McClish v. Rankin, 153 Fla. 324, 14 So.2d 714; Jordan v. Jordan, Fla.1956, 89 So.2d 22; Van Derven v. Van Derven, Fla.App. 1958, 105 So.2d 805.
There is no testimony or other evidence in the record of any agreement between the parties to become man and wife. In fact, the testimony of the defendant is to the effect that there was no agreement and clearly evidenced a total lack of mutual consent to marry.
In Van Derven v. Van Derven, supra, we held that evidence in the record that the parties lived together and held themselves out as man and wife is far short of the requirement to establish a common law marriage. The fundamental element of the common law marriage is the agreement of the parties. There must be mutual consent to marry per verba de praesenti. See In re Price’s Estate, 129 Fla. 467, 176 So. 492; Carretta v. Carretta, Fla.1952, 58 So.2d 439; Jordan v. Jordan, supra.
Accordingly, the decree appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ-, concur.