WHITE, Judge.
Dot C. Hind seeks reversal of a probate order of the County Judge’s Court of Highlands County, Florida, holding that she was not the legal widow of Bert S. Hind, deceased, who died testate January 1st, 1959.
Bert S. Hind executed his last will and testament on September 12, 1957 and thereafter, on July 19, 1958, he entered into a licensed ceremonial marriage with appellant Dot C. Hind. His will, which was duly probated, made a specific bequest to one Dan Waylett and left the rest of his estate to his adopted daughter Peggy Lou Hind Guarch and to his niece Dorothy Whitley.
Dot Hind, the putative widow and pre-termitted spouse, filed her election to take dower. Dorothy Whitley, as a residuary beneficiary, thereupon filed a petition for determination of beneficiaries alleging that Dot Hind was not the legal widow of the deceased Bert Hind. It was alleged that *14 Dot Hind was previously married to one A. W. Helbing and was still his wife. These allegations were denied.
The County Judge, upon considering the evidence adduced, ruled that Dot Hind was not the decedent’s legal widow and therefore was not entitled to any of the benefits of his estate. The court’s ruling was based upon a finding that there was a preexisting and undissolved common law marriage between Dot Hind and A. W. Hel-bing contracted during an association of said parties from 1942 to 1952 in Indiana and Maryland. The several points raised on appeal concenter on the issue of whether the County Judge erred in holding that Dot Hind was not the legal widow of Bert Hind by reason of a pre-existing common law marriage to A. W. Helbing.
It appears that appellant Dot Hind was once married to a Wilbur W. Jones from whom she was divorced in May 1940. She assumed the name of Helbing in 1943 and she admitted that she traveled with A. W. Helbing during the period of 1943-1952. She denied cohabitation with Helbing and also denied any marriage contract with him. As previously stated, a ceremonial marriage to Bert Hind took place in July of 1958. With respect to A. W. Helbing the record indicates that he was married to one Mildred Lucille Helbing prior to 1943, the year that the appellant became associated with Helbing and used his name. The aforesaid marriage of Helbing was dissolved by divorce April 14, 1947. Thus any cohabitation between the appellant Dot Hind and A. W. Helbing during the four year interim prior to Helbing’s divorce in 1947 was meretricious in nature.
The County Judge found that the appellant did not contract a common law marriage with Helbing in Florida but concluded that such marriage was contracted in Indiana or Maryland where, stated the court, “common law marriages are recognized.” In taking judicial notice of Indiana and Maryland law under Florida Statutes 92.031, F.S.A., the able judge mistakenly assumed that Maryland was a common law state. State v. Clay, 1944, 182 Md. 639, 35 A.2d 821; 55 C.J.S. Marriage .§ 6. Moreover, there was not before the County Judge evidence, properly introduced, of Indiana law on that subject.
It is further apparent that the County Judge misapprehended certain statements with respect to a divorce purportedly granted the appellant in South Bend, Indiana. The court’s order states:
“ * * * The testimony throughout indicates that Mrs. Hind was known and presented herself as Mrs. A. W. Helbing or Dot Helbing; that she was known and recognized as Mrs. Helbing; that in her application for marriage license filed in the County Judge’s office for Hardee County, Florida, Mrs. Hind gave her name as Dot Collins Helbing; in reply to the question was she married before, she answered yes; divorced? Yes. Where? South Bend, Indiana. Petitioner filed in evidence petitioner’s Exhibit ‘E’ which is an affidavit from Casimer J. Pajakowski, Clerk of the Circuit Court of South Bend, Indiana; that in this affidavit the Clerk being duly sworn deposes and says that after diligent search of the records in his custody, he has found no record of any action by or against Mrs. A. W. Helbing or Dot Collins Helbing in the Court of St. Joseph County of whose records he has custody. * * * There was no further evidence or testimony on the part of the respondent to affirm or to show that a divorce was actually obtained from A. W. Helbing by Dot Collins Helbing or Dot C. Helbing.”
It appears that the marriage and divorce to which the appellant had reference in her marriage license application related to Wilbur Jones to whom she was once legally married. This is set forth in the deposition of Dot Hind declaring that the divorce in question did not relate to A. W. Helbing. It may be noted here that A. W. *15 Helbing did not appear as a witness in the proceedings in the County Judge’s Court, nor was he deposed. There are indications in the record and the briefs that Helbing would come to Florida to be deposed and that Dot Hind agreed to pay one-half the expense. The petitioner, however, did not see fit to follow such procedure. The foregoing reflects the essence of the evidence before the County Judge.
In civil actions the proof of a couple living together and holding each other out as man and wife raises an inference or presumption of marriage, but the presumption of continuance of a previous marriage is not equal in force to the presumption of validity of a subsequent marriage. Accordingly in cases of conflict of presumptions arising from two marriages of the same party, the general current of authority holds that the presumption in favor of the subsequent marriage overcomes that in favor of the former. Bagdad Land & Lumber Co. v. Poston, 1915, 69 Fla. 340, 68 So. 180; Jones v. Jones, 1935, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1; Roberts v. Roberts, 1936, 124 Fla. 116, 167 So. 808, 809.
In Roberts v. Roberts, supra, the court said:
“The rule is settled in this jurisdiction that he who challenges the validity of a second or subsequent marriage assumes the burden of proving its invalidity. [Citing numerous authorities.]
“In the case of conflicting marriages contracted by the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly, the burden of showing the validity of the first marriage is on the party asserting it, and even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by decree of divorce or by death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage. ijc )f
In.order to justify a holding that Dot Hind’s ceremonial marriage to Bert Hind was invalid, it was incumbent upon the petitioner below to prove that Dot Hind was not competent to enter into the marriage in question. In order to do this it was necessary for the petitioner to establish by clear and convincing evidence that the relationship between the appellant and A. W. Helbing, illicit in its inception, had been transformed into a valid consensual marriage between the parties.
21 Fla.Jur., Marriage, § 47 states the rule as to burden of proof in such cases as follows:
“The burden of showing that cohabitation between a man and a woman, which was illicit in its inception, became thereafter lawful by reason of a contract of marriage entered into between them rests on the party asserting the fact of such agreement, the presumption being that a relation which is immoral -in its inception continues to be so.”
The weight of this burden is indicated in Marshall v. Sarar, Fla.App.1960, 118 So.2d 258, 259, wherein the court said:
“In Van Derven v. Van Derven, supra [Fla.App., 105 So.2d 805], we held that evidence in the record that the parties lived together and held themselves out as man and wife is far short of the requirement to establish a common law marriage. The fundamental element of the common law marriage is the agreement of the parties. There must be mutual consent to marry per verba de praesenti. * * * ”
In McBride v. McBride, Fla.App.1961, 130 So.2d 302, 303, the court discussed various decisions on common law marriage. The court in that case held that when cohabitation and repute alone are relied upon as proof of a consensual marriage, *16 those elements must be established by the best available evidence in order to sustain an adjudication of common law marriage as against that of a meretricious relationship. The court went’ on to say:
“Appellant Jacob seems to rely on the contention that if the one seeking to establish the existence of a common-law marriage is not one of the contracting parties, then it is necessary only to prove cohabitation and general repute. However, the decisions of the Supreme Court appear consistent in the view that the fundamental element of a common-law marriage is the agreement of the parties and that the agreement must be mutual and actually consummated. Proof of such an agreement is essential regardless of who attempts to establish the existence of the common-law marriage. The rule of LeBlanc and Edge is merely to the effect that such an agreement should be established by the ‘best evidence’, when such is available. When it is not, then the agreement may be established by proof of cohabitation and repute.”
The allegations of a pre-existing common law marriage between Dot Hind and A. W. Helbing imposed upon the petitioner-appellee the initial burden of proving a contract of marriage, as such, between the said parties. Evidence of an illicit relationship, albeit under the guise of marriage, was not sufficient. The burden, therefore, was not met, and the presumption of validity of the ceremonial marriage between Bert S. Hind and Dot C. Blind was not overcome.
The order appealed is reversed with directions to dismiss the petition for determination of beneficiaries insofar as it pertains to the respondent-appellant Dot C. Hind.
Reversed with directions.
KANNER, Acting C. J., and SMITH, J., concur.