WHITE, Judge
(concurring specially).
Although I agree that the case should not have been disposed of on summary proceedings, I am unable to accept the rationale upon which the majority opinion is predicated, viz. that the law presumes the validity of a subsequent asserted common-law marriage. Only after the party asserting the same has carried the burden of proving its existence should a putative common-law union be entitled to the presumption accorded a formally licensed or ceremonial marriage. In fact, evidence tending to establish consensual marriag'es should be examined “with increasing caution * * *." McClish v. Rankin, 1943, 153 Fla. 324, 14 So.2d 714, 717. It is in this context that I venture the following opinion.
It appears that the trial court granted the summary judgment mainly because of his conclusion that the plaintiff had established a marital relationship with Meighen as shown by the plaintiff’s subsequent divorce proceeding against Meighen which was dismissed. I approach the problem bearing in mind that the crucial point for determination is whether or not the record discloses a genuine issue of material fact sufficient to withstand the motion for summary judgment after resolving all doubts in favor of the party against whom the motion was directed.
Defendant’s motion for summary judgment alleged that plaintiff affirmatively established that she was not the lawful wife of the decedent; that she was twice before married; that she had instituted a divorce action against her second husband on 17 January 1957; and that said suit was dismissed for want of prosecution. No exhibits or supporting affidavits were attached to the motion.
Plaintiff’s affidavit in opposition to the motion stated, inter alia, that she is the widow of James F. Sikes, deceased; that she was previously married to and divorced from one Calvin Ruggles in Mahoning, Ohio *325 as shown by a final decree attached thereto ; and that she thereafter believed herself to be married to one Lewis Meighen by virtue of a civil marriage until she discovered that the union was void because Meighen was already married to one Mary Jane Meighen and lacked capacity to marry her. She further stated that although Lewis Meighen and Mary Jane Meighen subsequently obtained a divorce on 21 October 1952, she did not discover the fact until the latter part of 1953 and after discovery of the fact she immediately left him. She asserted that she did not enter any common-law agreement or other marital contract with Meighen after discovering that their ceremonial marriage was void. She states that she had been advised that Meighen has remarried and has several children by his present wife.
As to her asserted marriage to James F. Sikes, the affiant stated that shortly after 9 May 1958 they agreed to become husband and wife; that the decedent sent for her and she came to Florida; that the decedent gave her a wedding ring and they agreed to live together as husband and wife; and they continued the marital relationship until the death of James F. Sikes; that in the course of such “marriage” they purchased property together, held themselves out as husband and wife, were known to everyone as husband and wife and assumed to each other the duties and responsibilities of husband and wife. Attached to the affidavit was (1) a certified copy of the Ohio final divorce decree from Calvin Ruggles; (2) a copy of her Kentucky marriage certificate to Lewis Meighen; (3) a copy of the Ohio divorce decree between Mary Jane Meighen and Lewis R. Meighen; (4) a copy of telegram dated 9 May 1958 sent to Ohio by the decedent requesting that the affiant meet him in Jacksonville and to come to Tampa with him; (5) a copy of a warranty deed conveying property to James F. Sikes and Grace Sikes, his wife, on 6 April 1959; and (6) certified copies of the entire record of the Hillsborough County suit between Grace Meighen and Lewis Meighen.
The pleadings, affidavits and exhibits put in issue the question of whether or not plaintiff was the surviving spouse of James F. Sikes. On the defendant’s motion for summary judgment the plaintiff did not have to prove her own point absolutely- — but only to pose facts and circumstances tending to show a consensual marriage to the decedent. National Exhibition Co. v. Ball, Fla.App. 1962, 139 So.2d 489, 491. Contrarily, on his motion for summary judgment, the defendant had the burden of showing that the plaintiff lacked capacity to marry Sikes as a matter of law because of a pre-existing common-law marriage to Meighen formulated after Meighen regained capacity to so contract. The unsupported motion fails to carry this burden.
There is no presumption of a common-law marriage. It must be proved by clear and convincing evidence. In the instant case plaintiff had the burden of proving her alleged consensual marriage with Sikes since she is the party asserting it, and in my opinion she did pose a genuine issue of material fact on defendant’s motion for summary judgment. On trial, as to this issue, the burden would devolve upon the defendant to rebut the plaintiff’s evidence or, in the alternative, adduce affirmative evidence that plaintiff did not have the capacity to marry Sikes.
The components of a common-law marriage are capacity and consent followed by cohabitation coupled with public recognition of the union. See McClish v. Rankin, 1943, 153 Fla. 324, 333, 14 So.2d 714 and cases therein cited. Defendant’s showing on motion for summary judgment falls short of demonstrating as a matter of law that the plaintiff lacked capacity to enter into the alleged union with Sikes because of a pre-existing common-law marriage to Lewis Meighen. Being bigamous, her ceremonial wedding to Lewis Meighen in August, 1950 was void ab initio and no judicial decree was necessary to dissolve *326 it. Jones v. Jones, 1935, 119 Fla. 824, 832, 161 So. 836, 104 A.L.R. 1. Public policy, however, prefers that the status of individuals be made a matter of public record. In the Jones case, following removal of the legal impediment, a child was born and the peculiar facts there involved justified the adjudication of a common-law marriage which in effect confirmed the legitimacy of the child.
Unlike Jones, the instant case does not reveal facts which raise any presumption of a prior common-law marriage between plaintiff and Meighen. Following discovery of Meighen’s previous marriage, she avowedly left him. The summary proceedings reveal neither evidence nor presumption that plaintiff and Meighen entered into a common-law marriage agreement after Meighen acquired the capacity to marry the plaintiff. The plaintiff denies any such contract and evidence that the parties lived together and held themselves out as man and wife is not in itself enough. Van Derven v. Van Derven, Fla.App.1958, 105 So.2d 805, 806. The evidence must also show mutual consent or words of assent per verba de praesenti. In re Price’s Estate, 1937, 129 Fla. 467, 176 So. 492; Jordan v. Jordan, Fla.1956, 89 So.2d 22. Compare Chaachou v. Chaachou, Fla.1954, 73 So.2d 830, 835, 839. The latter case recognizes that where a party to an alleged common-law marriage contract denies it corroborative evidence becomes more material. See also Marshall v. Sarar, Fla.App. 1960, 118 So.2d 258, 259.
Much of the argument contained in the briefs concerns presumptions with respect to the status of marriage. It is true that one of the strongest evidentiary presumptions known to the law is that which presumes the validity of a last formalized or recorded marriage.[1] King v. Keller, Fla. 1960, 117 So.2d 726, 729; Perkins v. Richards Constructors, Inc., Fla.App.1959, 111 So.2d 494, 495; and Teel v. Nolen Brown Motors, Inc., Fla. 1957, 93 So.2d 874, 876. In order to overcome the presumption favoring validity of such marriage, the burden rests upon the party attacking it to prove that the parties were not competent to enter into matrimony or that otherwise a marriage did not in fact exist. See e. g. In re Hind’s Estate, Fla.App.1961, 135 So.2d 13.
In the present case the application of the presumption favoring a subsequent marriage is, to say the least, premature. In the Hind’s case as in the other cited cases, supra, the last marriage was a recorded ceremonial marriage while here the last alleged union is sought to be established by operation of the common law. When the legitimacy of children is not involved and when a common-law marriage is sought to be established as a condition precedent to a claim of right, there is generally no aider by presumption. See e. g. Board of Trustees of Firemen’s Relief and Pension Fund v. Daffron, Fla.App.1961, 134 So.2d 522, 525 and authorities therein cited. Compare Jones v. Jones, supra.
All this, nevertheless, does not justify summary disposition of the present issue. The plaintiff submitted exhibits tending to show that she contracted a common-law marriage per verba de praesenti with Sikes while having apparent capacity to do so. The defendant’s motion merely challenged plaintiff’s legal capacity to marry Sikes by asserting the existence of a prior undissolved common-law marriage with Meighen. The summary proceeding did not affirmatively establish that the plaintiff contracted a consensual marriage with Meighen after plaintiff discovered that her ceremonial marriage was void. Even assuming that plaintiff did so contract, the motion for summary judgment merely alleged that the plaintiff did not divorce Meighen. Nothing *327 appears with reference to any search made of appropriate state bureaus of vital statistics to determine whether or not Meighen might have divorced the plaintiff. See King v. Keller, Fla. 1960, 117 So.2d 726; Perkins v. Richards Constructors, Inc., Fla.App. 1959, 111 So.2d 494; Johnson v. Johnson, Fla.1951, 51 So.2d 421; Roberts v. Roberts, 1936, 124 Fla. 116, 167 So. 808. As noted previously the defendant filed nothing in support of his motion.
Since the pleadings, affidavits and exhibits do not affirmatively demonstrate the absence of a genuine issue of material fact, I agree that the summary judgment should be reversed and the cause remanded for further proceedings.

. None of the cited cases utilized the phrase “formalized or recorded.” In each of the cited cases, however, the last marriage was actually civil or ceremonial and thus recorded. No case has been brought to our attention where the presumption has been applied to an asserted common-law marriage prior to an adjudication that the parties had effected a valid common-law union.