WIGGINTON, Judge.
By this appeal we review a final order rendered by the County Judge’s Court of Escambia County in probate by which a determination was made as to the beneficiaries of the estate of Carl Sylvester Yohn, deceased, as authorized by law.[1]
The decedent died in Mobile, Alabama, on June 19, 1967. Shortly thereafter a petition for letters of administration was filed in the County Judge’s Court of Es-cambia County by Margaret Marie Yohn in which she represented that the decedent had died intestate and was survived by the petitioner as his widow and sole heir. Based upon this petition, letters of administration were issued in which the alleged widow was appointed administratrix and her bond fixed in the sum of $100.00.
While this estate was in the process of administration, a petition was filed by one Jackie Yohn, a minor 12 years of age, by his grandmother as next friend. This petition alleges that Jackie Yohn was the son of the decedent, having been born of the marriage between the decedent and one Myrtle Paul as a result of a ceremonial marriage between them which was solemnized in the State of Mississippi on June 1, 1955. The petition further alleges that the principal asset of the decedent’s estate consists of a claim for damages arising from the wrongful death of the decedent for the recovery of which an action had been instituted by the administratrix and was then pending in the United States District Court for the Southern District of Alabama. The petition suggests that the administra-trix may not be the lawful widow of the decedent because he was married to the petitioner’s mother prior to his subsequent marriage to the administratrix, and no divorce decree had ever been obtained by either party prior to decedent’s death. The petition prays that the court inquire into the question of whether the administratrix was the lawful wife of the decedent at the time of his death; asking that the adminis-tratrix’ bond be increased to an appropriate amount commensurate with the value of the claim then in litigation; and, for such other orders in the premises as may be necessary to protect the petitioner’s interest in the estate.
In response to the foregoing petition two hearings were held before the court at which time testimony and evidence were adduced by the parties. From an examination of the transcript of the proceedings we conclude that the primary thrust of the trial was directed toward the issue of whether at the time of his death the decedent, Carl S. Yohn, was lawfully married to Myrtle Paul Yohn with whom he entered into a ceremonial marriage in the State of Mississippi in 1955 or to the ad-ministratrix, Margaret Marie Yohn, with whom he contracted a ceremonial marriage in the State of Alabama in 1966. Such conclusion appears self-evident even though the alleged first wife, Myrtle, was not made a party to the proceeding and the alleged second wife, Margaret Marie, failed to file any answer to the petition claiming to be the lawful widow of the decedent. The alleged first wife did appear at the trial and testified as a witness on behalf of the petitioner in which she asserted her status as the lawful widow of the decedent and specifically requested the *614 court to adjudicate this issue. Likewise, the alleged second wife of the decedent appeared and testified in her own behalf in which she asserted that she was the lawful wife of the decedent at the time of his death by virtue of her ceremonial marriage to him in 1966. Although the final order appealed fails to adjudicate with any degree of specificity the exact identity of the claimant whom the court found to be the lawful wife of the decedent at the time of his death, both parties before this court agree that the inescapable import of the order which was rendered must be construed to hold, at least by inference, that the administratrix with whom the decedent contracted a second ceremonial marriage was his lawful widow entitled to share in the assets of the estate. Since neither the insufficiency of pleadings nor the unresponsiveness of the order to the issues presented for decision appears to have prejudiced the interest of any of the parties to this proceeding, and each of the parties is in agreement as to the legal effect of the final order here reviewed and the issue presented for this court’s decision, we will concern ourselves only with the merits of the cause and proceed to determine whether the order appealed is supported by competent evidence and accords with established principles of law.
The uncontradicted proof established that the decedent and Myrtle Paul entered into a ceremonial marriage in the State of Mississippi in 1955. The wife testified that she and the decedent cohabited together as man and wife for a period of approximately two years during which there was born of their marriage the petitioner, Jackie Yohn, now a minor 12 years of age. In 1957 she and the child moved to the west coast of the United States where she has resided since the date of her separation. She testified that at no time subsequent to her marriage to decedent did she secure a divorce from him, nor did she have any knowledge of any divorce having been secured by him against her. The evidence adduced by petitioner established that there was no record of a divorce having been granted decedent against Myrtle in either the Court of Record or Circuit Court of Escambia County where he lived subsequent to their separation. A certificate by the Bureau of Vital Statistics of the State Board of Health of Florida discloses no record in that office of any divorce having been secured by the decedent against his first wife. Myrtle testified that she had never remarried subsequent to her marriage with decedent, and insisted that she was his widow at the time of his death.
The evidence further establishes without dispute that the administratrix, Margaret Marie, entered into a ceremonial marriage with the decedent in 1966. She and decedent lived together as husband and wife from the date of their marriage until the time of his death in 1967. She likewise insists that she was the lawful wife of decedent at the time of his death and entitled to share in his estate. She bases this position on the contention that Myrtle was married to one James Johnson by a common-law marriage sometime prior to the year 1955, and was never divorced from James Johnson prior to her alleged marriage to the decedent in 1955. Margaret Marie therefore urges that since Myrtle lacked the legal capacity to contract marriage with decedent because of her prior common-law marriage with Johnson, her purported marriage to decedent in 1955 was void.
We have carefully reviewed the evidence adduced by the parties touching upon the issue of whether Myrtle entered into a common-law marriage with James Johnson prior to her ceremonial marriage with decedent, Carl Yohn. The evidence establishes that when Myrtle was a teenage girl employed in a paper mill, she met James Johnson who was a member of a band playing in a local restaurant. They lived together for an indefinite period of six to eight weeks in a house which they rented upon the representation that they were husband and wife. The landlady testified *615 that she would not have rented the house to them if she had thought they were living in a state of immorality. Oral testimony was offered to show that during this period of time they stated to family and friends alike that they were married and occupied the status of husband and wife. No documents or other evidence was offered to establish in writing an acknowledgment on their part that they were husband and wife, and the record is devoid of any evidence, either written or oral, tending to establish that they entered into a consensual agreement to be married and become husband and wife either before or at the time they commenced cohabiting together, or at any time thereafter. We are of the view and so hold that the evidence adduced at the trial and considered by the trial court falls far short of meeting the requirements for proof of a common-law marriage.
In the case of In re Hind’s Estate[2] a pretermitted spouse with whom the deceased had entered into a ceremonial marriage shortly prior to his death filed in the estate her election to take dower. A residuary beneficiary petitioned the court for an order determining the beneficiaries entitled to share in the assets of the estate, and alleging that the pretermitted widow was not the lawful wife of the decedent at the time of his death because of a previous common-law marriage contracted between her and another man which had never been legally dissolved. The evidence showed that the purported widow of the decedent had prior to her marriage with him cohabited with another man and traveled around about the country with him for a period of about 10 years during which she was known, recognized and held herself out as his wife. There was no evidence that they had ever entered into a consensual agreement to be married and become husband and wife. In holding that this evidence was insufficient to establish a common-law marriage between the decedent’s widow and the man with whom she was charged with contracting a common-law marriage, the court quoted with approval from 21 Fla.Jur., Marriage, § 47, as follows:
“ ‘The burden of showing that cohabitation between a man and a woman, which was illicit in its inception, became thereafter lawful by reason of a contract of marriage entered into between them rests on the party asserting the fact of such agreement, the presumption being that a relation which is immoral in its inception continues to be so.’ ”
In its decision the court quoted with approval from Marshall v. Sarar[3] as follows:
“‘In Van Derven v. Van Derven, supra [Fla.App., 105 So.2d 805], we held that evidence in the record that the parties lived together and held themselves out as man and wife is far short of the requirement to establish a common law marriage. The fundamental element of the common law marriage is the agreement of the parties. There must be mutual consent to marry per verba de prae-senti. * *
In conclusion the court said:
“The allegations of a pre-existing common law marriage between Dot Hind and A. W. Helbing imposed upon the petitioner-appellee the initial burden of proving a contract of marriage, as such, between the said parties. Evidence of an illicit relationship, albeit under the guise of marriage, was not sufficient. The burden, therefore, was not met, and the presumption of validity of the ceremonial marriage between Bert S. Hind and Dot C. Hind was not overcome.”
In the case sub judice the first wife, Myrtle Paul, testified that she had never been married to anyone prior to her marriage with the decedent. It is a matter of speculation as to whether she and Johnson *616 professed to be husband and wife at the time they were living together in order to be able to rent living accommodations without raising any questions of immorality, or in order to minimize the chances of any charges being made against them for violating the criminal laws of the state. Be that as it may, the complete absence of any evidence establishing a consensual agreement on their part to become married and establish the relationship of husband and wife at the time they commenced living together creates a fatal deficiency which precludes a judicial determination that a common-law marriage was contracted and entered into by them. This being so, Myrtle Paul possessed the legal capacity to contract a ceremonial marriage with the decedent in 1955. Since there was a sufficient showing that this marriage was not legally dissolved prior to the decedent’s death in 1967,[4] it must be held that as of that time Myrtle Paul was the lawful wife of the decedent and is now the widow entitled to share in the assets of his estate, if any assets there be.
The order appealed specifically found that petitioner, Jackie Yohn, is the son and heir at law of the decedent and entitled as such to participate in the distribution of the estate. The administratrix stipulated to the facts upon which this' finding was made. Since this portion of the order is not questioned on this appeal, it is accordingly affirmed.
The order appealed is reversed and the cause remanded with directions that an appropriate order be entered finding Myrtle Paul Yohn to be the lawful widow of the decedent and entitled to all benefits this status confers upon her by applicable provisions of law.
Affirmed in part, reversed in part.
JOHNSON, C. J., and SPECTOR, J., concur.

. F.S. § 734.25(5), F.S.A.

. In re Estate of Bert S. Hind, Deceased, (Fla.App.1961) 135 So.2d 13, 15, 16.

. Marshall v. Sarar, (Fla.App.1960) 118 So.2d 258, 259.

. Quinn v. Miles, (Fla.App.1960) 124 So.2d 883.