PIERCE, Judge.
In this case appellant Audrey Phillips Barretti, (or Audrey Phillips), appeals from an order of the County Judge for Hillsborough County entered on December 31, 1969, holding that no common law marriage existed between her and Frank Barretti at the time of his death on December 25, 1968, and that Barretti was unmarried when he died.
The able County Judge’s final “Opinion, Findings and Judgment on Petition of Administrator Ad Litem” finds ample support in the record before us, and is so clear and lucid that we herewith adopt the pertinent portion thereof as our opinion in the instant case, as follows:
“Frank Barretti died in Bay Pines Hospital, a United States Veterans Facility, on the 25th day of December, 1968. On January 2, 1969 Audrey Phillips Barretti filed a petition in this Court for an order authorizing her to enter a safe deposit box of said decedent in The First National Bank of Tampa to look for a will. In it she alleged that she was the common-law wife of said Frank Barretti, deceased. An order was entered on January 15, 1969 granting said petition.
“On February 3, 1969 said Audrey Phillips Barretti filed a petition for an order declaring administration of the estate unnecessary. In it she alleged that Frank Barretti died intestate and that she was his surviving spouse. This petition was denied.
“Audrey Phillips Barretti thereupon on February 11, 1969 filed a petition for letters of administration of the estate of said decedent in which she named herself as his wife. She was appointed, and upon qualifying she was granted letters of administration of said estate on February 21, 1969.
*290 “On April 14, 1969, P. H. Wright, II, Chief Attorney of the Veterans Administration Regional Office in St. Petersburg, Florida, wrote the clerk of the probate department of this Court inquiring concerning the administration of the estate of Frank Barretti. On checking the court file I noted a copy of the death certificate of Frank Barretti and an affidavit in reference thereto made by Audrey Phillips Barretti on January 6, 1969 and filed January 13, 1969. This death certificate recited that said decedent was never married. In the affidavit Audrey Phillips Barretti denied that Frank Barretti had never been married and alleged that she was the common-law wife of said decedent and that she ‘lived with Frank Barretti for the past sixteen (16) years prior to his death.’
“On April 24, 1969 I made and entered an order in which I appointed John J. Twomey, Esq. administrator ad litem and directed proceedings to determine the marital status of Frank Barretti and Audrey Phillips Barretti. Said administrator ad litem qualified and on April 28, 1969 he filed a petition herein in said capacity praying ‘that the Court determine the marital status of Audrey Phillips Barretti in relation to the above decedent and also determine who are the heirs of said above decedent.’
“On June 17, 1969 evidence was taken before me and reported by a deputy court reporter on said marital status but on stipulation it was not transcribed. However, pursuant to said stipulation certain exhibits received by the Court in evidence were put in the court file for the Court’s consideration.
“On November 10, 1969 the said administrator ad litem filed a petition to the Court to reopen the matter to receive additional evidence, and upon notice and hearing the Court reopened the case for said purpose and set hearing therefor on December 8, 1969.
“At said hearing additional testimony was offered by Mr. Biondino, counsel for Audrey Phillips Barretti and received by the Court, and a contract for a deed by Audrey B. Phillips and a deed thereon to her were offered by the administrator ad litem and received by the Court in evidence.
“The contract is dated February 14, 1966 and it is signed by Audrey B. Phillips and in it she is described as a ‘single woman’. The deed thereon is dated June 3, 1966 and it is made to Audrey B. Phillips, a single woman.
“Briefs of counsel for the respective parties were filed and from a consideration of them and the evidence it is the opinion and finding of the Court that the alleged common-law marriage of Audrey B. Phillips or Audrey Phillips Barretti, as she named herself in the petitions and affidavit first above mentioned, and as her name appears herein, and Frank Barretti, decedent, cannot be sustained and should not be upheld.
“There is no evidence of an express agreement of said persons to marry per verba de praesenti and there is not sufficient evidence from which such an agreement may be inferred. The evidence of cohabitation with matrimonial intent is not cogent. There is testimony that Barretti introduced Audrey B. Phillips Barretti as his wife. And there is testimony tending to show that in their social and business circles in their community life Frank Barretti and Audrey B. Phillips Barretti were reputed to be husband and wife.
“There is documentary evidence received on behalf of the administrator ad litem that refutes protestations of Audrey B. Phillips Barretti that she was the common-law wife of Frank Barretti in his life time and that she survived him as his wife, and which outweighs and overcomes the probative value of the evidence, parol and *291 documentary, offered and received on behalf of Audrey B. Phillips Barretti.
“In an application made April 23, 1965 for admission into the V.A. hospital at Bay Pines Frank Barretti noted that he was not married and that Audrey Phillips was a friend. In a later application for hospitalization in said V.A. facility made on December 16, 1968, nine days before his death therein, he again noted that he was not married and that Audrey Phillips was a friend. This, because of its serious and solemn nature, and nearness to the time of his death, must be given great weight.
“And, in her said contract for a deed and in the deed issued to her on it the said alleged spouse was named Audrey B. Phillips and described as a single person. The said contract and deed were dated February 14 and June 3, respectively, in the year 1966. This was during the time of her alleged common-law marriage with Frank Barretti, now deceased.”
The County Judge thereupon held and ordered that Audrey was not the wife of Frank Barretti, that she did not survive him as his widow, that at the time of his death Frank Barretti was unmarried, and that proceedings be instituted for her removal as administratrix of his estate.
As hereinbefore stated, the findings in the order are supported by the testimony adduced before the County Judge. The case presented purely a question of fact, and the County Judge resolved that issue. Appellant relies entirely upon the case of In Re: Estate of Alcala, Fla.App.1966, 188 So.2d 903, but there are sufficient points of material dissimilarity between the facts in Alcala and the instant case to distinguish that case as decisive authority here.
The order appealed from is therefore—
Affirmed.
HOBSON, C. J., and MANN, J., concur.