## KAHN v. TAX ASSESSOR, et al.
### No. 71-20673.
Circuit Court, Dade County.

April 21, 1972.

E. W. Hoppe, Jr. of Colson & Hicks, Miami, for the plaintiff.

Barry Scott Richard, Ass't. Attorney General, and Murray A. Greenberg, Assistant County Attorney, for the defendants.

THOMAS A. TESTA, Circuit Judge.

This cause having come on to be heard before me for final hearing and the court having heard argument of counsel, and considered the memoranda submitted by counsel, finds —

That Florida Statute §196.191(7) allows a woman who has lost her spouse by death and has not remarried to claim a $500 exemption from taxes on property in this state.

That the plaintiff, Mel Kahn, has lost his spouse by death and has not remarried but is denied the beneficial operation of this statute solely because he is a man.

That the courts of this state since the earliest days of statehood have used the word "widow" in a context which clearly denotes a woman who has lost her husband by death, Wilson v. Fridenburg, 19 Fla. 461; City of Jacksonville Beach v. State, 151 So.2d 430; In

re Beacher's Estate, 177 So.2d 838, 3rd D.C.A. 1965; In re Estate of Yohn, 229 So.2d 612, 1st D.C.A. 1969.

In a recent Florida Supreme Court opinion, the court reversed a long line of cases which adhered to the common law, and now permits the wife to bring an action for loss of consortium and other services — heretofore only a husband could claim loss of consortium and services. The court recognized the inequity and struck down this unjust discrimination, Gates v. Foley, Case No. 39,694 (1971) Supreme Court of Florida.

That the legislature significantly took notice of the invidious discriminations and in their wisdom placed woman on an equal footing with man in respect to paying alimony and child support which historically had been reserved for men. Under provisions of the "No Fault Divorce" law, the court may require a woman to pay her ex-husband alimony and support for the children, Florida Statute §61.08, chapter 71-241 at 973 (1971).

Chief Justice Burger in a recent United States Supreme Court opinion, Reed v. Reed, 30 L.Ed 225 (November 22, 1971), employed the equal protection clause of the XIX Amendment as a shield against sexual discrimination on the basis of sex. That court has made a clarion pronouncement that the 1968 amendment will be relied upon to put laws involving sexual discrimination under the same tests as those relating to racial discrimination.

Justice Burger opined that mandatory preference to members of either sex over members of the other, "is to make the very kind of arbitrary legislative choice forbidden by the Equal Protection Clause of the 14th Amendment". The same court in 1920 intoned that classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike", Royster Guano Co. v. Virginia, 25 U.S. 412, 415, 64 L.Ed. 989, 990, 40 S.Ct. 560.

Full and complete emancipation of womanhood is withstanding any and all challenges based on sex differences alone. Male opponents can anticipate that their generations of cherished "diggins" will be eroded to a point of total collapse.

The Florida Constitution, article VII, §3(b) 1968, exempts every *widow* from taxation in the amount of $500 without any reference to "widowers", and this court is powerless to expand the meaning of "widow" to include both women and men.

It is therefore ordered and adjudged —

(1) That Florida Statute §196.191(7) applies to the feminine gender and is therefore discriminatory and arbitrary and is unconstitutional and in violation of the Equal Protection Clause of the Constitution of the United States and the Declaration of Rights, article I, §2 of the Florida Constitution, and Florida Statute §196.191(7) is inoperative and is hereby stricken.

(2) Further, the court holds, based on the ore tenus motion of the county attorney and attorney general, that this order is stayed pending an appeal.

(3) That the court is aware that this matter is of great importance to the public and tax assessors throughout the state and directs that the parties originate the appeal in the Supreme Court of Florida forthwith.